————————o-●-o————————

CARPENTER *vs.* STILWELL and AMBROSE.

It is a salutary rule, that where a sheriff has neglected or violated his duty so as to be required to pay the plaintiff, he ought not to be permitted to use the judgment for his own benefit; except under peculiar circumstances, and by express leave of the court.

The payment by the sheriff, to a judgment creditor, of a fine imposed by the court upon the sheriff, for his neglect to enforce the collection of the creditor's judgment, by means of the execution, to him issued thereon, does not operate *per se*, as an extinguishment of the debt.

Such fine is a punishment of the sheriff. As to the creditor, it may well be deemed a payment, because he thereby obtains the amount of his demand. But as to the debtor, who has paid nothing, the imposition of the fine will not *ipso facto*, discharge him from his liability. It is left for the court to determine the effect.

For a party to be concluded by an estoppel *in pais* it must appear, 1. That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up; 2.

Carpenter *v.* Stilwell.

That the other party has acted on the admission; and, 3. That he will be injured by allowing the truth of the admission to be disproved.

Where the facts of a case which are proposed to be submitted to the jury as the basis of an estoppel, come within the rule thus laid down, they ought to be so submitted. And the refusal of the judge at the trial so to charge, upon the request of counsel, is ground for a new trial.

Where a party in possession of land, under a claim of title, knowing the existence of a judgment against him, and that the sheriff had advertised such land to be sold, under an execution issued thereon, permitted the sale to take place, without remonstrance, or notice to the purchaser, and suffered another person, fifteen months thereafter, to redeem the premises and take a deed from the sheriff, without apprising him of any facts rendering the sale void; *Held* that his conduct was equivalent to an admission of the validity of the execution; and that he was *estopped* from subsequently alledging that the sheriff had no authority to sell.

THIS was an appeal from the judgment of the city court of Brooklyn, rendered in favor of the respondent, plaintiff in the court below, against the appellants, defendants in that court. The action was brought by the plaintiff, Jacob Carpenter, against Sylvanus . B. Stilwell, the landlord, and Isabella Ambrose, the tenant, of a house and lot in the city of Brooklyn, to recover the possession thereof. On the trial, at the September term, 1850, before the city judge and a jury, the plaintiff produced a deed to him, dated March 1st, 1844, from the New-York Equitable Insurance Company; and it was then admitted that the premises in question were included in that deed, and that under it the plaintiff was in possession, until the sale of it by the sheriff; and that the defendants were in possession at the commencement of the suit. The defendant, Stilwell, claimed title under a deed of the premises to him from William Jenkins late sheriff of Kings county, dated March 16th, 1849, on the redemption by him, Stilwell, as assignee of certain judgments against the plaintiff, of the premises, from a sale made by the said sheriff, previous thereto, upon executions issued on judgments against the plaintiff, in the supreme court, the one in favor of Thomas B. Coddington, and the other in favor of Palmer Sumner, but both, in reality, for the benefit of Coddington, and under his control. The plaintiff then offered to prove that an attachment was issued out of the supreme court on the relation of Sumner and Cod-

dington against William Jenkins, sheriff, returnable May term, 1847, which was returned, showing the sheriff in custody; that he appeared and on the 15th day of May, 1847, the supreme court imposed a fine upon him, for not returning the executions issued to him upon the judgments in favor of Coddington and Sumner, to the amount of such judgments, and costs of the attachments, and ordered him to be committed until it was paid; and that on the 2d of September, 1847, and before any further proceedings were had, the sheriff paid the amount ordered by the court, to those plaintiffs respectively; and insisted that by such payments, the authority of the sheriff to sell the premises in question under those executions was determined and ended. The admission of that testimony was objected to, on behalf of the defendants, on the grounds: 1st. That the sheriff's deed was evidence of the facts recited therein, and could not, in that suit, be contradicted by the plaintiff. 2d. That the defendant, Stilwell, was a *bona fide* purchaser, and that testimony of those matters was inadmissible, until the plaintiff showed that the defendant had notice of such payment. 3d. That the payment of the money by the sheriff as a fine, did not extinguish the power of the sheriff to sell under the executions. 4th. That a sheriff's deed can not be impeached collaterally. But the objections were overruled by the court, and the defendants' counsel excepted. The plaintiff then produced the proof he had offered. He also proved that after the payment by the sheriff, his attorney, in consequence of an arrangement with the attorney of Coddington and Sumner, procured their assignment of their judgments to George B. Jenkins, the son of the sheriff; that the premises were afterwards sold on the executions issued on those judgments, and purchased by Henry P. Cropsey, the half-brother of the sheriff, for about $800 That he paid no money, but turned it upon an account he had against George B. Jenkins; about fifteen months after the sale, Cropsey was called on to assign his certificates of sale, to the defendant, Stilwell, and he did so. Copies of the dockets of four several judgments against the plaintiff, Carpenter, and the assignments of them by the creditors in whose favor they had respectively been rendered, were filed with the sheriff,

Carpenter v. Stilwell.

on the 14th of March, 1849, on the redemption of the property by the defendant, Stilwell, who was the assignee of the three youngest judgments ; and to whom a deed for the premises in controversy, bearing date March 16th, 1849, was given by the said William Jenkins, late sheriff. The cause having been summed up on behalf of the respective parties, the judge in his charge to the jury, recapitulated the testimony on each side, and told them ; "That if they believed from the evidence, that the moneys paid to the plaintiffs in the said judgments and executions respectively, [*Coddington* and *Sumner*,] as before stated, were at the time of the payment, and the receipt thereof by them, the proper moneys of the said sheriff, and that said payments were made by said sheriff, or on his account, in satisfaction of the fines imposed upon him by the supreme court, for the neglect of his duty in not having made proper returns of said executions, the said sheriff-could not lawfully enforce the said judgments and executions for his own indemnity, and that the sale and conveyance made by him, if made under the circumstances, and for the purpose so alledged by the plaintiff was illegal, unauthorized and void, as against the plaintiff, and did not affect his title to the premises in question." To this, the counsel for the defendants excepted. The judge also charged the jury that if, before the money was paid to the plaintiffs in the said judgments, [*Coddington* and *Sumner*,] there was an agreement made by them, or by their authority, with George B. Jenkins, that upon the payment, by him of that money, they would assign those judgments to him, and if the money was so paid by him or on his account, on the faith of such agreement, and the said judgments were subsequently assigned to him in pursuance of such agreement; and the said sheriff subsequently proceeded to sell, and sold the premises in question and other property of the plaintiff, Carpenter, under said executions, by the directions and for the benefit of the said George B. Jenkins, as such assignee, and were subsequently conveyed by said sheriff to the defendant Stilwell, pursuant to such sale, and the redemption so made by him, under the same; the defendant Stilwell did, by virtue of said sale, redemption, and sheriff's

deed, acquire all the right, title and interest of the plaintiff in the premises in question, and the defendants were entitled to their verdict.   That it was immaterial from what source the moneys paid by George B. Jenkins, were obtained by him, if the jury believed that at the time, they were his proper moneys, and were paid by him on his own account and benefit, on a purchase by him of the judgments : That if the money so paid by him, or any part thereof, did come from the sheriff, it would not vary the legal effect of the transaction, provided it was really paid by George B. Jenkins upon a purchase of said judgments, made by him in good faith, for his own benefit; and the assignments of said judgments were afterwards executed to him in pursuance thereof, and not upon a nominal or valuable purchase made in the name of the said George B. Jenkins, but in truth, with the money, and in behalf of, and for the benefit of the said sheriff: That it would have been legal for the sheriff to make a gift of the money to his son, for the purpose of enabling his son to make the purchase of the said judgments; and that it was for the jury to determine from the whole of the evidence, whether such gift was made by the sheriff, and whether the money so paid, was at the time of the payment thereof, the money of the said George B. Jenkins, or the money of the said sheriff, and what was the real character of that transaction.

The judge refused to charge as the defendant's counsel requested, " that if the money was paid by the sheriff as a fine, such payment did not extinguish or satisfy the judgments." The defendant's counsel further requested the court to charge the jury, " that if the jury believed that Carpenter knew that Coddington had received the money, and the judgments had been assigned, and that the property was advertised to be sold, and then endeavored to have the sale deferred, and did not give any notice to the purchaser at the time of the sale, he was to be deemed as having acquiesced in the right to sell, and was estopped from setting up that there was no right or authority to sell."   This charge the court declined to make ; and the defendant's counsel excepted.   The cause was submitted to the jury, who, after deliberation, returned a verdict for the plaintiff for

Carpenter *v.* Stilwell.

the premises in question; and a judgment was thereupon rendered in his favor.

*By the Court,* BARCULO, J.   The *justice* of the case is plainly with the defendants; and this should always prevail, unless a positive rule of law intervenes.

In this case we are unable to discover any imperative legal principle which interferes with the due course of natural justice. The authorities cited on the part of the plaintiff are easily distinguishable from the present case, both in letter and spirit. They are, for the most part, cases in which a direct application was made to the court where the original judgment was, for relief from the improper or oppressive conduct of the sheriff. Thus in *Reed* v. *Pruyn and Staats,* (7 *John.* 426,) the defendant moved to set aside an execution by which the officer, after two years' delay, was proceeding to enforce the payment of money advanced by him in payment of the judgment. The court very properly set aside the execution. In *Mills* v. *Young,* (23 *Wend.* 314,) the court held that an officer who had obtained a note from the defendant by threatening to sell his property under an execution, when, at the time of the threat, the officer owned the judgment, but concealed that fact from the defendant, could not recover upon such note, it *having been obtained by fraud and undue coercion.* The case of *Bigelow* v. *Provost,* (5 *Hill,* 566,) is one in which it was held that a sheriff, who had been attached for not returning an execution, and had paid the judgment and taken an assignment of it for his own benefit, could not enforce the collection of the judgment by execution; and the execution was accordingly set aside.

The great distinction between those cases and the present is, that in the former the controversy was *between the judgment debtor and the officer,* and in the latter it is between the judgment debtor and a *bona fide purchaser.* We assent fully to the doctrine of those cases, and consider it a salutary rule that when the sheriff has neglected or violated his duty so as to be required to pay the plaintiff, he ought not to be permitted to use the judgment for his own benefit, except under peculiar circum-

Carpenter *v.* Stilwell.

stances, and by express leave of the court. And if it be true, in the principal case, that the money paid to satisfy the plaintiff's demands upon the judgments, was the money of the sheriff, and paid in pursuance of the order of the 15th of May, 1847, it would have been in accordance with sound principles of public policy for the court, upon a proper application being made, prior to the sale, to have set aside the execution, and, perhaps, canceled the judgment. This, however, it seems has not been done; but the judgment debtor has lain still for nearly two years after the sale, until the premises have been redeemed, on the payment of a large sum of money; and now claims as against the redeeming creditor, the application of a rigid rule, which is only applicable to public officers, as a punishment for their neglect of duty.

The case of *Sherman* v. *Boyce*, (15 *John.* 443,) is also relied on by the plaintiff's counsel. That was an action of trespass brought by the judgment debtor against a deputy sheriff, who had sold the horses of the debtor, after the judgment had been paid by money raised upon a note made by the officer and debtor for that purpose, with the understanding that the officer should retain the execution for his indemnity. The court held that the payment to the judgment creditor not being a conditional payment, was a satisfaction of the judgment; and therefore the execution was spent, and could not be used by the officer to enforce his own agreement with the debtor; such agreement being also illegal, and tending to oppression; and that the defendant in the execution might maintain an action of trespass against the officer, for the property taken and sold by him. This differs from the former cases cited, inasmuch as this was an action brought *after a sale;* but it was an action brought *against the deputy sheriff,* who was a party to the illegal transaction, and not against an innocent purchaser; in which respect it is distinguishable from the case before us.

We think the court below fell into the error of supposing that the payment of the fine operated, *per se,* as an *extinguishment* of the judgment. This was not so, either by the terms of the order or its legal effect. The fine was, on its face, a punishment

Carpenter v. Stilwell.

of the sheriff. As to the creditor, it might well be deemed a payment; because he thereby obtained the amount of his demand; but as to the debtor, who had paid nothing, the imposition of the fine could not, *ipso facto*, discharge him from his liability. It was left for the court to determine the effect. The court might have, at the time of imposing the fine, or subsequently, directed the canceling of the judgment; or it might have directed the judgment to be kept alive for the indemnity of the sheriff, in the exercise of its equitable powers, in analogy to the familiar rule of courts of equity, by which liens are kept alive to promote the ends of justice. The payment is not strictly a payment and satisfaction of the judgment, out of the debtor's property. The plaintiff's counsel only claim a technical satisfaction—a satisfaction by operation of a severe rule of law, which is to be administered by the courts according to circumstances, and which is now invoked as a mere unbending legal rule, in a case entirely destitute of any appearance of equity or justice. We can not say that this judgment was extinguished; we can not say that it would, or ought to have been, canceled upon a proper application; or whether the sheriff might have shown that his neglect was occasioned by the importunities and devices of the debtor, so as to entitle himself to the benefit of the judgment, as between them. So far as the case shows any thing on this subject, it shows that the court refused to interfere and prevent the sale; but upon what grounds does not appear.

II. But if we should be wrong in this, there is another error which we deem sufficient to send this case back. The judge refused to charge, " that if the jury believed that Carpenter knew that Coddington had received the money, and the judgments had been assigned, and that the property was advertised to be sold, and then endeavored to have the sale deferred, and did not give any notice to the purchaser, at the time of the sale, he is to be deemed as having acquiesced in the right to sell, and is estopped from setting up that there was no right or authority to sell." This involves the doctrine of estoppels *in pais*; the application of which must depend " upon the circumstances of the case," according to the remarks of the court in *The Welland Canal*

---

Carpenter *v.* Stilwell.

---

*Company* v. *Hathaway*, (8 *Wend.* 483.) By the rule laid down by Justice Bronson in *Dezell* v. *Odell*, (3 *Hill*, 221, 222,) " before the party is concluded it must appear, 1. That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up ; 2. That the other party has acted upon the admission ; and 3. That he will be injured by allowing the truth of the admission to be disproved." Tested by this rule, we think that the facts of the case which were proposed to be submitted to the jury as the basis of an estoppel, ought to have been so submitted. The judgment remained open upon record ; the sheriff advertised the property to be sold under an execution issued thereon ;. Carpenter knew these facts, and was, according to the testimony of Mr. Waring, frequently at the sheriff's office after the advertisement, endeavoring to arrange the matter and get the sale deferred ; he permitted the sale to take place without remonstrance or notice to the purchaser, on the 15th December, 1847 ; and suffered the defendant Stilwell, fifteen months thereafter, to redeem the premises in question, and take the sheriff's deed, without apprising him of any of the facts upon which he now claims that the sale was void. These facts fulfill the conditions of the rule. The conduct of Carpenter was inconsistent with his present pretense, that the sheriff had no authority to sell. It was equivalent to an admission of the validity of the execution, and may be likened to that class of cases where " standing by in silence and seeing a chose in action assigned for a valuable consideration, has been deemed an estoppel *in pais* against a debtor." ( *Watson's Executors* v. *McLaren*, 19 *Wend.* 563, *and cases there cited.*) Nor does there seem to be any reasonable doubt that Stilwell acted upon such admission ; and will be injured by allowing it now to be disproved. We think, therefore, that the law permits, and that justice requires, that Carpenter should be estopped from denying the validity of the sale, and that the jury should have been charged, in that respect, as required by the defendants' counsel.

Judgment reversed, and new trial ordered.

[KINGS GENERAL TERM, October 6, 1851. *Morse, Barculo* and *Brown,* Justices.]