TIMOTHY CREMIN v. MATTHEW BYRNES.

The filing of a notice of claim, under the mechanics' lien law, alleging the performance of work in pursuance of an agreement with a contractor, and in conformity with a contract between the latter and an owner, will not absolutely estop the claimant from prosecuting an ordinary personal action against the owner, and averring therein a direct employment of the plaintiff by the owner.

The doctrine of estoppel *in pais* considered, and authorities relative thereto cited and commented upon.

GENERAL TERM, APRIL, 1858.
Before DALY, FIRST J.; and BRADY and HILTON, JJ.

THE complaint in this action alleged, that the plaintiff, at the instance and request of the defendant, had executed work, as a carpenter, upon buildings owned by him, and the plaintiff prayed judgment for the amount and value thereof.

The answer took issue upon the averments of the complaint, and set up, as a further defence, that the plaintiff had filed with the county clerk a verified notice of claim, pursuant to the statutes of 1851 and 1855, and had thereby sought to obtain a lien upon the buildings in question, for the very labor mentioned in the complaint; that the plaintiff had averred, in the said notice, the performance of this work in pursuance of an agreement with one Ward, and in conformity with a building contract existing between the latter and the present defendant.

On the trial, in the Sixth District Court, the plaintiff produced evidence to the effect that the defendant repeatedly directed him to proceed with the work, and that he did so in accordance with such direction. On the other hand, there was testimony going to show that the plaintiff acted only under the employment of Ward.

The filing of the lien, as set forth in the complaint, was admitted.

The court below entered a judgment in the plaintiff's favor, and the defendant appealed.

*Andrew Thompson* and *George D. Kellogg*, for the defendant, made and argued the following points :

I. The testimony shows that the plaintiff was employed by Ward, and what Byrnes said is an undertaking for Ward's default, and is void, as a contract, by the statute of frauds.

II. The testimony was incredible ; and considering that Ward and the plaintiff swear to it, the one shifting his own responsibility upon the defendant, and the plaintiff having shown, by his lien, that he was employed by Ward, there was no evidence to warrant a verdict contrary to the defendant's oath.

III. The plaintiff, having filed a lien, was precluded from suing the defendant as on an original undertaking, but was confined to his lien—being similar to an attachment suit.

IV. There is no way in which this action operates to discharge the lien ; and this action is not the mode to discharge the lien pointed out by the statute.

*Henry M. Barnard*, for the plaintiff, made and argued the following points :

*First.* The filing of a mechanic's lien is no objection to a suit at common law for the same indebtedness, not based upon the lien. (*Maxey* v. *Larkin*, 2 E. D. Smith, 540 ; *Pollock* v. *Ehle*, ib. 541 ; *Gridley* v. *Rowland*, 1 ib. 670.)

*Second.* It was a question of fact. The justice saw fit to credit the plaintiff's testimony, and his finding cannot be reviewed on appeal. Besides, the plaintiff was fully corroborated by Ward.

*Third.* There was no guaranty, but only a new original hiring. The defendant owned the premises, and the debt upon which the respondent recovered was contracted and accrued after such new original hiring. The plaintiff had ceased working for Ward.

*Fourth.* The judgment should be affirmed.

Cremin *v.* Byrnes.

By the Court. Brady, J.—The only question presented on this appeal is, whether the plaintiff, having filed a lien against the defendant as owner, and charging the contractor, Ward, as employer, for the amount of his claim, is estopped from proceeding against the defendant upon a separate contract made with him?

We have held, that filing a notice of a claim under the mechanics' lien law of 1851, forms no bar to a distinct personal action against the owner or contractor, for the amount thereof. (*Pollock* v. *Ehle*, 2 E. D. Smith, 541; *Maxey* v. *Larkin*, ib. 540.) In the latter case, which was against the contractor, there was evidence of declarations by the plaintiff to the effect that he looked to the owner for his pay.

On principle, the case in hand is not distinguishable from the case of *Pollock* v. *Ehle*; but it may not be unnecessary to consider the question of estoppel involved.

An estoppel *in pais* consists, necessarily, of three elements: 1. An admission inconsistent with the evidence offered to be given, or the claim offered to be set up; 2. That the other party has acted on the admission; and 3. That he will be injured by allowing the truth of the admission to be disproved. (*Carpenter* v. *Stilwell*, 12 Barb. 128; *Otis* v. *Sill*, 8 ib. 102; *Alexander* v. *Walter*, 8 Gill, 239; *Martin* v. *Angell*, 7 Barb. 407.) The declaration made by the plaintiff in the notice of lien, that he was employed by the contractor, is not inconsistent with the allegation that he was employed also by the defendant. The testimony shows an employment by the contractor prior to the period when the defendant's personal liability commenced, and there is no proof that the original engagement with the contractor had terminated.

There is no proof that the defendant acted upon the admission of the plaintiff, or that he has been injured by it.

The filing of the lien accomplished a security merely, and although it involves a fact, is in strictness the statement of a conclusion of law, and, as such, would never prejudice a right. (*Brewster* v. *Silence*, 2 Comst. 19.)

Whether a man has made an agreement or not, or whether

another is indebted to him or not, is a legal result, predicated on facts which must be proved to sustain it. It cannot be regarded as a judicial admission, because it was not made in court or on a pleading; (see 1 Greenl. Ev. § 27, § 205;) but, like other admissions in writing which have not been acted upon, was properly admitted to be weighed against the plaintiff's credibility, or the justness of the claim prosecuted. (1 Greenl. Ev. § 212.)

In *Holmes* v. *White*, 1 Tyrwh. & Grang. 110, the party had sworn positively to matter of fact in his own knowledge, but it was held not to be conclusive in law against him, though deserving of much weight with the jury. It is well settled, that answers in chancery are admissible against the party, but do not seem to have been held strictly conclusive merely because sworn to. (See Bull N. P. 236, 237; 1 Stark. Ev. 284, and cases cited; 1 Greenl. Ev. in note, page 272.) Nor is a party estopped by his petition to the legislature praying that they would grant him certain land, from his setting up his title to such land. (*Owen* v. *Bartholomew*, 9 Pick. 520.) And a written acknowledgment that the party claiming as landlord "has been put in complete and perfect possession of the land by the plaintiff," and that the tenant "considers himself tenant of such landlord," does not estop the occupant from contesting the right of such claimant. (*Norton* v. *Sanders*, 7 J. J. Marsh. 12.) A plaintiff having caused the goods to be attached and returned as the property of the defendant, is not thereby estopped from showing that they were the property of another. (*Loomis* v. *Green*, 7 Greenl. 386.) Nor is a sheriff estopped by a levy and sale of property from denying the plaintiff's rights to the proceeds of the sale, nor from showing that the property sold under the plaintiff's execution was not the defendant's, nor that it was not liable to such levy and sale. (*Hopkins* v. *Chandler*, 2 Harr. 299.)

It is true that the lien effected by the plaintiff remains a charge on the defendant's estate for a year from the time of filing, and that some proceeding to remove it would be neces-

sary upon the payment of the judgment herein. It is not unlike, in that respect, an action on a bond secured by a mortgage, which might result in a judgment against the mortgagor, and which, with the mortgage, could be held *pari passu* together. The defendant, however, would not be remediless in such a case, and for that reason cannot be presumed to suffer, or to be exposed to injury. The same may be said in this case.

The justice having found in favor of the plaintiff on the question of fact, his finding is conclusive, the testimony being conflicting, and the judgment must be affirmed.

Judgment affirmed.