By the Court—Bosworth, Ch. J.
The defendant cannot claim on this appeal that the mortgage on lot Ho. 75 had been foreclosed, and the lot purchased by the plaintiff, prior to the accruing of the rent which this action is brought to recover.*
Ho such fact is found by the Court nor was proved at the trial; no such fact is admitted by the pleadings.
It is true that the complaint alleges the making of the mortgage ; default of the mortgagor; a foreclosure of the mortgage, and a purchase of lot Ho. 75 by the plaintiff. But the defendant in his answer controverts the allegation of the mortgagor’s default, and charges that the mortgagee, (in the endeavor to foreclose by advertising under the statute,) did not advertise accord *623 ing to the statute, “ and that notice of such sale was not duly advertised."
Such being the pleadings, and no evidence having been given of any proceedings to foreclose, the case stands as if the fact of such a foreclosure had not been alleged.
The lease from Carpenter to Davol was for two years from the first of May, 1848. This action is to recover three quarters rent of the premises, ending November 1, 1849, and February 1, and May 1, 1850. This lease and the rents due from Davol as such lessee have been assigned to the plaintiff.
Davol resists the plaintiff’s claim on the ground that lot No. 75 and the adjoining lot had been sold by the sheriff of Kings county, on executions against Cárpenter, issued on judgments recovered prior to the date of the lease from him to Davol, and that S. B. Stilwell received, as a judgment creditor redeeming from the purchaser at said sale, the Sheriff’s deed on the 16th of March, 1849. That Davol, subsequently thereto paid rent to said Stilwell, as the owner of lot No. 75, by a title thus acquired.
To this it is answered, that in September, 1850, an action was tried which Carpenter had commenced against Stilwell, to recover the possession of another lot in Brooklyn conveyed by the Sheriff’s deed before mentioned and sold under the same executions as the one in question; that the validity of such deed, and of the title thereby acquired, was a point in judgment; and that it was held to be invalid.
The Court at Special Term found these latter facts to be true. As we read the case, Carpenter v. Stilwell, (12 Barb., 128, and 1 Kern., 61,) and the reports thereof, were read in evidence by consent, for the purpose of showing thereby what questions were litigated and determined in that action.
If this view be correct, these reports show that the act of the Sheriff in selling upon the executions on which the sale was made, which is the basis of Stilwell’s title, and the deed given to carry such sale into effect, were adjudged to be without authority and void.
The only material question left is, whether the judgment in the suit between Carpenter and Stilwell, and the trial and determination of those questions in that suit, are conclusive against Davol in this suit, that Stilwell had no title.
*624 ■ ' The Court held, as a conclusion of law, “ that the defendant is bound by the aforesaid decision in relation to said deed.” To this decision the defendant duly excepted.
The Sheriff’s deed to Stilwell is dated on the 16th of March, 1849. Davol claimed to hold under Stilwell from and after the 1st of May, 1849, and refused to pay rent to Carpenter subsequently thereto.
■ The action between Carpenter and Davol, in which it was determined that the deed of the 16th of March, 1849, was void, was tried on the 14th of September, 1850. It was not found at Special Term when that action was commenced. The summons in it is dated “ August, 1849,” and the complaint in it was verified “ August 6, 1849.” It may be assumed, therefore, that it was commenced after the 1st of August, 1849, several months subsequent to the time when Stilwell apparently acquired the legal title, and several months after Davol recognized him as the owner and agreed to pay rent to him.
To make the judgment in the action between Carpenter and Stilwell evidence against Davol in the present action, it is indispensable that the former action should have been commenced, if not determined, prior to the time when the agreement between Stilwell and Davol was concluded, and the rights which the latter acquired thereby had become fixed. (Campbell v. Hall, 16 N. Y. R., 580.)
The act, or proceeding, relied upon as an estoppel, must have been done, or been had, prior to the time when the defendant acquired the title which is claimed to be affected and bound thereby.
■A judgment between any two parties, determining the title to land which both claim, makes part of the title, runs with the land, and concludes all who derive a title to the land from either of those parties subsequent to such judgment. But it does not bind any person who derives title from either, by a deed or lease executed prior to the commencement of the action in which such judgment was rendered. (Campbell v. Hall, supra, and the cases there cited.)
It was, therefore, erroneous to hold that the judgment in the action of Carpenter against Stilwell and Ambrose bound Davol.
*625 The title of Stilwell under the deed of the 16th of March, 1849, assuming it to be valid, extinguished the title of Davol 'as lessee of Carpenter. That lease was made after the sale by the Sheriff _ of the premises thus leased. The sale by the Sheriff was made on the 15th of December, 1847, by virtue of executions on judgments docketed the 11th of March, 1846.
Stilwell, having become the absolute owner, by virtue of the Sheriff’s sale and Sheriff’s deed, had a right to the immediate possession of the premises; and Davol might lawfully agree to occupy as his tenant and to pay rent to him.
The Judge at Special Term did not find, as a fact, that the Sheriff’s deed was void, nor was any evidence given upon that point beyond the introduction of the record in the suit between Carpenter and Stilwell, and proving that in such suit it was adjudged to be void.
In the present action it is open to the parties to litigate that question upon such competent evidence as either may offer; and the defendant is not bound by the decision and judgment in the action between Carpenter and Stilwell. (Thomas v. Hubbell, 15 N. Y, 405-409.)
It follows that the judgment must be reversed, and a new trial granted, with costs to abide the event.
Ordered accordingly.