THE ALBANY CITY NATIONAL BANK, PLAINTIFF, *v.* THOMAS KEARNEY, IMPLEADED WITH THOMAS MULHALL AND JOHN W. McNAMARA, DEFENDANTS.

*Purchase of judgment by sheriff, while execution thereon is in his hands — when sustained.*

This was an application for leave to issue an execution on a judgment purchased by the applicant while a deputy-sheriff, and while an execution thereon was in his hands for collection, still in force, but under which no levy had been made. The purchase was made in 1867, and no execution had ever been issued by him thereon. *Held,* that there was no rule forbidding the purchase of a judgment under such circumstances, and that the application should be granted.

APPEAL from an order made at the Special Term, giving liberty to the assignee of the plaintiff to issue an execution upon the judgment recovered herein. The judgment was entered in the above entitled action in the Supreme Court for $132.01 dam-

ages and costs, on the second day of April, 1867; execution was issued thereon to the sheriff of Albany county on the fifth day of July, 1867, and was on the same day delivered to the under-sheriff of the county. On the twenty-ninth of August following, and within the life of the execution, the plaintiff assigned the judgment to the under-sheriff, Sigsbee, who paid full consideration therefor, and who still owns it, and now seeks to enforce it by execution. No levy was made under the execution of July 5, 1867, nor were any steps ever taken to enforce it, in so far as is disclosed by the paper before the court.

On application of Sigsbee, the assignee of the judgment, an order was granted at Special Term giving liberty to issue execution thereon. From this order the defendant Kearney appealed to the General Term.

*Jacob G. Runkle,* for N. Sigsbee, assignee of plaintiff, respondent.

*Hand, Hale & Swartz,* for the defendant appellant.

BOOKES, J.:

It is a well settled rule, sound in principle and in policy, that a sheriff cannot pay with his own money the judgment on which he holds an execution, and then levy and collect the amount from the debtor's property; nor will he be permitted, after he is in default for not collecting or returning an execution, to pay the amount and wield the process for his own indemnity. The following cases establish these propositions: *Reed* v. *Pruyn* (7 Johns., 426); *Bigelow* v. *Provost* (5 Hill, 566); *Voorhees* v. *Gros* (3 How., 262); *Carpenter* v. *Stilwell* (12 Barb., 128; S. C., 11 N. Y., 61). A sheriff will not be permitted to enforce an execution for his own benefit in any respect, nor to indemnify himself for his own default or laches. In this case the sheriff has not, through himself, nor has his under-sheriff, the assignee, attempted to enforce the execution for his own benefit; nor has either sought to cover his own default by any use of the process of the court. No levy had been made when Sigsbee took the assignment, nor was any attempt made to enforce the execution thereafter; if the sheriff or his under-sheriff had been in default, and had made the purchase of the judg-

ment to cover his delinquency, the case would have been quite different. It was held in *Carpenter* v. *Stilwell* (12 Barb., *supra*), that it was a salutary rule that when a sheriff has neglected or violated his duty, so as to be required to pay the plaintiff, he ought not to be permitted to use the judgment for his own benefit; but even this was qualified by the following addenda: "*except under peculiar circumstances, and by express leave of the court.*" I understand the rule recognized in this case to receive the sanction of the Court of Appeals. (*Carpenter* v. *Stilwell*, 11 N. Y., 61.) See, also, remarks of BRONSON, J., in *Mills* v. *Young* (23 Wend., 314). As was remarked by INGALLS, J., at Special Term, no charge of fraud, collusion or misconduct is made against the officer; the purchase was, in so far as is here disclosed, fair and without improper purpose in any respect. The defendants have not suffered any wrong, nor could the action of the officer operate in any way injuriously to their rights; there is no principle of public policy here involved, which requires vindication, by a refusal of the application made to the court for liberty to enforce an honest unpaid judgment.

Order affirmed, with ten dollars costs and disbursements.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and disbursements.