## Wheeling.

### HARTLEY & CO. *v.* ROFFE.

(Absent, MOORE, JUDGE).

Decided March 30. 1878.

12 401
42 569

12 401
f49 230

1878.
Special Term.

12 401
51 412
51 563

1. A sale made by a commissioner under a decree of a court of equity is not an absolute sale, and does not become absolute, until it is confirmed by the court.

2. A greatly inadequate price is generally, when clearly shown, sufficient cause to set aside such sale.

3. Whether the court will confirm a sale made by a commissioner under its decree, must in a great measure depend upon the circumstances of each case.

4. It is difficult to lay down any rule applicable to all cases; nor is it possible to specify all grounds, which will justify the court in withholding its approval.

5. In such a case, if there is reason to believe, that fraud or mistake has been committed to the detriment of the owner or purchaser, or that the officer conducting the sale has been guilty of any wrong or breach of duty, to the injury of the parties interested, the court will withhold a confirmation of the sale.

6. A court of equity, acting upon a report of sale, does not exercise an arbitrary, but a sound legal discretion, in the interests of fairness and prudence, and with a great regard to the rights of all concerned.

7. An exception to a report of sale of land by a commissioner, appointed by decree of a court of equity in these words: 2d. "For other reasons apparent on the face of said report," is

too general.  An exception to the report of such commissioner "for defects on the face of the report" ought to be so specific, as to direct the mind of the court and the parties in interest to the particular defect or omission, upon which the exception relies, unless the report be so substantially defective on its face, as to require the court of its own motion, in the absence of exceptions, to set aside the report.

8. When a creditor's bill is brought to sell lands of the debtor, and the defendant fails to answer or plead, and decrees in the cause are made and entered on bill taken for confessed, but the defendant appears and files exceptions to the report of sales made by the commissioner of the court, and the court overrules the exceptions to such report of sales, the Appellate Court will consider and determine the appeal and *supersedeas* of the debtor as to so much of the action of the court, as relates to said exceptions and the overruling thereof, but will generally dismiss the appeal and *supersedeas* as improperly allowed as to other decrees in the cause and parts thereof, which were made, and rendered on bill taken for confessed. the appellant not having applied to the circuit court, or the judge thereof in vacation, to reverse or correct the same according to the provisions of the 5th section of chapter 134 of the Code, before applying for and obtaining the appeal and *supersedeas* as to such decrees and parts thereof, as were made on bill taken for confessed.

An appeal granted upon the petition of Charles L. Roffe, from decrees of the circuit court of the county of Cabell, rendered in a chancery cause in said court, wherein R. H. Hartley & Co. and others were plaintiffs, and said Charles L. Roffe was defendant.  A sufficient statement of the case is given in the opinion of the Court.

Hon. C. W. Smith, formerly judge of the circuit court of Cabell county, presided below.

*James M. Laidley*, for appellant.

*J. H. Ferguson and Smith & Kline*, for appellees.

HAYMOND, JUDGE, delivered the opinion of the Court:

In March, 1869, the plaintiffs filed their bill, in the clerk's office of the circuit court of Cabell county, against the defendant, to subject the lands of the defendant to

1878.
Special Term.

Hariley & Co.
v.
Roffe.

the payment of a judgment at law, in favor of the plaintiffs against the defendant, for the sum of $271.47, with interest thereon from the 25th day of June, 1861, and costs of suit. The bill is in form, what is called a creditors' bill, and asks that creditors be convened and an account taken of their debts, and the lands of defendant be sold to pay his debts, including the plaintiff's debts, &c. The bill also avers, that said defendant has no personal estate or property liable to the payment of his debts; that writs of *fi. fa.* have been issued against him and been returned, "no property found;" and that the defendant is the owner in fee of a large landed estate in the county of Cabell aforesaid, and also in the county of Lincoln, a number of the tracts and the quantity contained in each are specified. The bill also alleges, that his judgment was docketed in the lien book, in the recorder's office of Cabell county, on the 2d day of February, 1866. An official copy of the plaintiffs' said judgment is filed with the bill, as "exhibit A," from which it appears, that plaintiffs' said judgment against the defendant is a judgment by confession. On the 9th day of August, 1869, the said circuit court made and entered the following decree in the cause, viz:

"The subpœna in this cause having been returned executed on the defendant, C. L. Roffe, by the sheriff of this county, more than two months before the sitting of this court, and he still failing to appear and answer the complainants' bill and exhibits filed at March rules last, the same has therefore been regularly set for hearing and taken for confessed as to him; and now this cause came on this day to be heard upon the complainants' bill and exhibits, the proceedings at rules, and was argued by counsel. On consideration whereof the court doth order, adjudge and decree, that this cause be referred to Joseph S. Miller, a master commissioner of this court, whose duty it shall be under this decree, to take, state and report an account, showing to this court the indebtedness and claims against the defendant, C. L.

Roffe, due by judgments, deeds of trust, or otherwise, constituting liens on his real estate, showing whom they are due to, the amount thereof, the time when and how evidenced, their priorities, if any. He shall also report to the court the number of tracts of land owned by defendant, C. L. Roffe; the character of title thereto, whether legal or equitable; the number of acres in each tract, and their location; whether any liens, and what, if any, are on said land; and other matters deemed pertinent, or that any of the parties may request. And the said commissioner shall publish notice of the time and place of performing the said duties, for four successive weeks prior thereto, in the ' Cabell County Press,' and some weekly newspaper published in the adjoining county of Mason."

On the 11th day of November, 1869, the court, at the instance of the plaintiffs' counsel, awarded a rule against the defendant, returnable at the next December term of the court, to show cause why he should not be attached for failing to answer the plaintiffs' bill; no further proceedings appear to have been taken in the cause upon said rule. The defendant never answered the plaintiffs' bill, nor pleaded to it in any manner. On the 7th day of January, 1870, the court recommitted the report of commissioner Joseph S. Miller, which had theretofore been filed, with directions to the commissioner, to ascertain what credits, if any, the defendant, Charles L. Roffe, is entitled to, on the indebtedness reported by the commissioner in his said report.

On the 11th day of May, 1870, the said court made another decree in the cause, in which it is recited, that Joseph S. Miller, commissioner of the court, had filed with the papers of the cause, on the 22d of December, 1869, his report, and also a supplemental report, to which no exceptions were filed, and by the said decree it appears, that the cause came on again to be further heard upon the papers theretofore read in the cause, the former orders and decrees had therein and upon the said reports

1878.
Special Term.

Hartley & Co.
v.
Roffe.

of said commissioner Miller; and the court approved and confirmed the said reports. And the court in and by said decree ascertained, that the defendant was indebted to the plaintiffs in the sum of $327.64, by reason of their said judgment, and that the same was a lien upon the real estate of the defendant in the bill and proceedings mentioned, and decreed that the defendant pay to the plaintiffs the said sum of $327.64, with interest thereon from the 12th day of May, 1870, until paid, and their costs expended in the prosecution of this suit, including $30.00 as provided by statute.

And the court in the same decree then ascertained a large number of other debts, due to other creditors by judgment, &c., by the said defendant, and specifies and states the same, &c; and decrees, that unless the defendant pay the plaintiffs their said debt with interest thereon, and the costs of this suit, and to the several other persons the amount with interest due thereon, as ascertained by the court, that T. B. Kline, who is appointed a special commissioner for the purpose, do proceed to sell the several tracts of land of the said defendant, in the bill and report of commissioner mentioned, or so much thereof as may be necessary to pay the said several sums of money thereinbefore specified, together with the costs and expenses of this suit, &c. Immediately after the last mentioned part of said decree there is a clause therein in these words, viz: "And by consent of all the parties the defendant has leave to present to and prove before the commissioner, Joseph S. Miller, any credits, to which he may be entitled upon any of the debts hereinbefore mentioned, within sixty days from this date, upon giving to T. B. Kline ten days previous notice thereof; which credits, if any be so proved, are to be allowed him in the further proceedings in this cause; and the said Miller is directed to report any such credits to the next term of this court." The last named decree contains other claims, which I have neither stated in substance nor copied herein, because under the view I

take as to this decree and all previous decrees, it is un-necessary.

On the 20th of July, 1870, the said circuit court made and entered another decree in the cause, in which it is recited, that the cause came on again to be further heard upon the papers theretofore read in the cause, &c. It is not necessary to state the contents of this decree further, under the views I take of the case. On the 8th day of November, 1870, the court made another decree in the cause, but it is unnecessary to notice it further, as it was afterwards, on the 12th day of November, 1870, and during the same term, set aside by the court, and another decree rendered in place thereof. On the 12th day of November, 1870, the court rendered another decree in the cause, by which it set aside the said decree of the 8th day of November, by "consent of parties." The last named decree then proceeds to declare that Thomas B. Kline, the special commissioner appointed by a former decree in the cause, to sell the lands of the defendant in the bill exhibits and proceedings mentioned, "this day filed his report of such sale," to which report of said Kline the defendant filed exceptions, as to the sale of the one thousand three hundred and fifty acre tract purchased by James H. Ferguson, L. C. Rickets and Joseph S. Miller, and the twenty acres purchased by Jerome Shelton, and also the moiety of the seventeen hundred acres, in Lincoln county, owned by said defendant and William C. Miller, and purchased by Jerome Shelton.

The last named decree then proceeds further to declare, that the cause came on again to be heard upon the papers theretofore read, and the orders, decrees, and proceedings theretofore made and had in the cause, and the report of said commissioner Kline, and the exceptions thereto, and upon the reports and plats of survey made by the said commissioner and surveyor before mentioned, and was argued by counsel; and the court adjudged, by consent of all the parties among other things,

that the report of said commissioner Kline, of the sales of said lands be set aside, as to the sale of said tracts of one thousand three hundred and fifty acres, twenty acres, the moiety of said one thousand and seven hundred acres, and sixty acres purchased by James H. Ferguson (being part of the C. Swann tract) on Tom's creek, and approved and confirmed said report of sale, as to all the other sales of the land therein reported.

The sales confirmed as above stated, were numerous, and embrace numerous tracts of land containing a large quantity of acres, and are specifically stated in said decree. The last named decree then proceeds, among other things, to direct the said commissioner, Kline, to collect the purchase money for the lands, the sales of which by him were confirmed as aforesaid, &c., and directs said commissioner Kline to make deeds of conveyance for said lands, so sold by him and the sales confirmed as aforesaid, to the several purchasers thereof, when the purchase money thereof is fully paid, or sooner if the purchaser or any of them desire; but that in case he conveys any of said lands, before the purchase money is fully paid, he is to retain a vendor's lien thereon for the balance of the purchase money unpaid, &c. The court in said last named decree then further proceeds to ascertain, that several tracts and parcels of land of the defendant still remain unsold, and that the commissioner has postponed the sale thereof to the 5th day of December next, "and it appearing that no notice of said adjourned sale has been published in any newspaper, and it having become necessary to re-sell the tracts of one thousand three hundred and fifty acres, and of sixty acres, and the court deeming the 5th day of December as too short a time, in which to publish a new notice of sale, it is therefore adjudged, ordered and decreed, that said sale be postponed for a sufficient length of time, to give the notice hereinafter required, and that the same special commissioner, T. B. Kline, do re-sell the said tracts of one thousand three hundred and fifty acres,

and of sixty acres, the sales of which have been set aside as aforesaid, together with all other lands of the said C. L. Roffe, to which he has legal title in the county of Cabell, or so much thereof, as may be necessary to pay the debts of the said Roffe, mentioned in the former decrees in this cause, upon the terms and conditions specified in said decree at," &c.

The said last named decree then further proceeds as follows:

" And it is further adjudged, ordered and decreed, that Spencer Midkiff, Jerome Shelton and Charles Sattin, surveyor of Lincoln county, who are hereby appointed commissioners for that purpose, do make partition of the one thousand seven hundred acre tract of land, in Lincoln county, between the said Charles L. Roffe and William C. Miller, and that they survey and lay off the same into two equal parts, as near as may be, according to quantity, quality and value, and assign to each his portion thereof; and in case the said commissioners shall be of opinion, that the sale of the said portion assigned to the said Roffe would be promoted by a division thereof into several parcels, they are to divide the same into so many parcels, as they deem it susceptible of, and that they report their proceedings under this decree to the next term of this court.

"And it is further adjudged, ordered and decreed, that B. J. McComas, Moses S. Thornburg, William C. Miller, Henry J. Samuels and Peter Love, any three or more of whom may act, be and they are hereby appointed special commissioners, to go upon the said tract of one thousand three hundred and fifty acres and carefully examine the same, and if in their opinion the sale thereof will be promoted by a division thereof into several parcels, that they employ a competent surveyor to survey and lay off the same into so many parcels and in such manner as they deem it susceptible of, and that they report such division, with a plat thereof, showing the number, size and boundaries of each parcel or lot, to the said Kline

before the day of the sale of the said tract, who shall conform his action thereto ; and in case they shall be of opinion, that a sale of the said tract will not be promoted by such division, and decide not to make the same, they are to report that fact to the said Kline before the said sale ; and the said Kline must report his proceedings under this decree, together with the action of said commissioners, to the next term of this court."

The exceptions of the defendant to the sale made by special commissioner Kline are as follows, viz :

" *To the Hon. C. W. Smith, Judge of the Circuit Court of Cabell County :*

"Your petitioner, Charles L. Roffe, respectfully represents to your honor—

"Thomas B. Kline, Esq., special commissioner for that purpose in the cause of R. H. Hartley and others against your petitioner and others, made sale on the 1st, 4th and 5th days of the present month of the several tracts of land particularly referred to in his report, this day filed in said court, and which purports to have been made in pursuance of a decree heretofore entered in said cause, and in pursuance of a notice and copy of advertisement attached to and forming part of said report.

"In the outset of this his complaint in relation to said sale, your petitioner avers that if the tracts of land hereinafter referred to had brought the fair and reasonable value thereof, or even if they had brought a sum sufficient to pay your petitioner's debts, and which are set forth in the several reports of master commissioner J. S. Miller, your petitioner would interpose no objection to the confirmation of the report aforesaid. But as to three of the tracts, sold as aforesaid and referred to in said report, your petitioner must protest against such confirmation, not only because of gross inadequacy in the price the same brought, but because justice alike to himself and his creditors requires, that the same should pay his debts. Your petitioner is desirous, that all his

52

creditors should be paid in full.   He therefore represents, that as to the Tom's creek tract of one thousand three hundred and fifty acres, reported by said special commissioner as sold at $3,500.00, the same has not brought much, if any, exceeding half its fair and reasonable value.

"Your petitioner files herewith, in support of this branch of his petition, the affidavits of Edward Adkins, E. W. Waters and William S. Rogers, by which it will be seen, that they are willing to purchase parts of said tract, if laid off in one hundred acre lots, at the rate of $5.00 per acre ; and that in their opinion, if so laid off, the entire tract will average $5.00 per acre.   Your petitioner avers, that the said tract is reasonably worth that sum or more, and while it may be true, that those who bid for said tract of one thousand three hundred and fifty acres deemed that a reasonable value for the entire tract, inasmuch as they would have to encounter the expense of surveying and subdividing the same into small lots, yet petitioner charges, that he and his creditors are entitled to all the advantages of this subdivision, and petitioner is willing to incur the necessary expenses of procuring such subdivision.

"Petitioner further charges, that it was improper in the special commissioner to make sale of this tract, as the commissioners, who were appointed by a former decree in said cause to subdivide the same, in the absence of their report to the effect, that they did not deem it necessary for the interest of all parties to do so, instead of which they report, that in consequence of the leafy condition of the forest at the time they were unable to survey that tract; as well as another tract of one thousand four hundred acres.   Your petitioner further alleges, that the sale of the tract of twenty acres, reported as the V. R. Moss tract, ought not to be confirmed, because he says that the same was not advertised for sale, and because it could not properly be sold without the assent of your petitioner, and because the same sold at a grossly

inadequate price, the same being now assessed on the books of the commissioner of the revenue for said county at more than $1,100.00, while at the sale complained of it brought only the sum of $312.00. In relation to this tract petitioner admits, that he agreed with said special commissioner, that he might offer the same for sale, and that if it brought its value the sale should be valid. It did not bring anything like its value; and hence petitioner protests against the confirmation of said sale.

"Petitioner also protests against the confirmation of the sale of the undivided moiety of the tract of one thousand and seven hundred acres, reported by said special commissioner as held in common with W. C. Miller, in Lincoln county, because it was not proper to sell the same at Cabell court house, because the same is not described in the advertisement, and because the same has not brought anything like its true value, because the same was not subdivided by the commissioners appointed for that purpose, and which, if so subdivided into small lots of one hundred acres, more or less, would have yielded a much better price, and because of a cloud thrown over the title to the entire tract, by the claim of the Guyandotte Company set up on the day of sale thereof, when the agent of said company forbade the sale thereof by said special commissioner Kline.

"Your petitioner therefore prays, that the sale of said parcels of land be set aside, that the commissioner for surveying and sub-dividing your petitioner's land heretofore appointed for that purpose, be ordered to survey and sub-divide said tracts of one thousand three hundred and fifty and one thousand seven hundred acres into several parcels, ranging from one hundred to two hundred acres each, as your petitioner may direct, if present at such surveying and sub-dividing, if not, then in such parcels, as said commissioner may deem most advantageous to all parties; that the tract of one thousand and seven hundred acres may be partitioned by said commissioners

1878.
Special Term.

Hartley & Co.
v.
Roffe.

between said W. C. Miller and your petitioner, and the same set apart equally, as to quantity and value, to each in severalty; that the lands being in Lincoln county be decreed to be sold at the court house thereof, and that your petitioner may have such other relief, as equity may require. And that W. C. Miller may answer, &c.

"C. L. ROFFE.

"*By Counsel.*"

This petition was verified by the affidavit of said Roffe, on the 7th day of November, 1870. The affidavits filed by the defendant, in support of his said petition and exceptions, are those of Edward Adkins, E. W. Walters and William S. Rogers, in which they state, that they were desirous of purchasing about one hundred acres of the one thousand three hundred and fifty acre tract of land of said Roffe on Tom's creek, and were willing to have paid at the rate of $5.00 per acre; that they believe, that said one thousand three hundred and fifty acres of land would bring on an average per acre at least $5.00, to divide it up into one hundred acre lots; that said land was sold on the 1st day of November, at $3,500.00, when in fact it ought to have brought $6,000.00, if sold in smaller tracts.

On the 3d day of January, 1871, another decree was made and entered in the cause, in which it is declared that the cause came on again to be heard upon the papers theretofore read, and the orders and decrees theretofore made in the cause, &c. The residue of this decree I regard as immaterial upon the points before us in this case.

On the 3d day of August, 1872, the circuit court made and entered this decree in the cause, viz:

"This cause came on again this day to be further heard upon the papers heretofore read in the cause, and upon a report made by commissioner Kline at this term, and was argued by counsel. And it appearing to the court from said report, that some of the purchasers at former sales made under a decree in this cause have failed to comply with the terms of said sale, by paying the cash

installment of purchase money, and executing their bonds therefor, as stated in said report, it is therefore, ordered, adjudged, and decreed, that the clerk of this court do issue a summons against each of them, to appear here at the next term of this court, to show cause if any they can, why a resale should not be had of the lands purchased by them, for failing to comply with terms of said sales. And it further appearing to the court that the lands in the proceedings mentioned, known as the Thompson farm, on Guyandotte river, have not been embraced in the decree heretofore rendered for the sale of the lands of defendant Roffe, it is therefore ordered, adjudged, and decreed, that the said farm be sold by said special commissioner Kline, at his sale under a former decree, as though the same had been embraced in said decree, together with the other lands named in said decree, or so much of said land as may be necessary to pay the indebtedness of said Roffe, as reported in this cause."

On the 16th day of December, 1872, the said court made and entered a decree in the cause in these words, viz:

"This day came the parties, by their attorneys, and thereupon Thomas B. Kline, Esq., who was appointed a special commissioner by a former decree in this cause, came and tendered his report, by which it appears, that the special commissioner, in pursuance of the directions of a former decree in this cause, after giving the notice required by said decree, did, upon the 9th day of October, and the 2d and 4th days of December, 1872, proceed to sell at the place, and in the manner, and upon the terms required by said decree, the several tracts and lots of land hereinafter mentioned, to the persons and upon the days and for the sums following, that is to say: Upon the 9th day of October, the C. M. Swann tract of fifty acres, to Charles Bowden for the sum of $300.00; upon the same day the C. M. Swann tract, of four hundred acres, to Charles Bowden and B. J. McComas for

the sum of $1,210.00; upon the same day the Thompson farm, four hundred acres, to C. M. Moore, for the sum of $4,500.00; upon the 2d day of December, lot No. 3, the homestead, containing two hundred and twenty-nine acres, to Peter C. Buffington, for the sum of $2,452.00; upon the same day lot No. 4 of the one thousand three hundred and fifty acre tract, to Daniel Ash for the sum of $380.00; upon the 4th day of December, lot No. 5 of the one thousand three hundred and fifty acre tract, containing sixty-nine and a half acres, to C. M. Moore for the sum of $100.00; upon the same day lot No. 6 of the same tract, containing ninety-six and a half acres, to C. M. Moore, for the sum of $207.50; upon the same day one hundred and four and a half acres of the same tract to J. A. Kline, for the sum of $210.00; upon the same day lot No. 14 of the same tract to John S. Witcher, for the sum of $211.25; upon the same day lot No. 15 of the same tract, containing one hundred and two and a half acres, to J. A. Kline and Richard Lunsford, for the sum of $227.25; upon the same day, lot No. 13 of the same tract, containing one hundred and eight and three-fourths acres, to Wesley Hinchman, for the sum of $161.00; and upon the same day, lot No. 11 of the same tract, containing one hundred and two acres, to Charles Clark, for the sum of $227.00; upon the same day, lot No. 10 of the same tract, containing ninnty-five and a half acres, to Charles Miller, for the sum of $180.00; upon the same day lot No. 12 of the same tract, containing one hundred and six acres, to Charles Miller, for the sum of $210.00; upon the same day, lot No. 3 of the same tract, containing one hundred and three and three-fourths acres, to Charles Clark, for the sum of $175.00; upon the same day lot No. 8 of the same tract, containing one hundred and nineteen and three-fourths acres, to Charles Miller, for the sum of $212.50; upon the same day lot No. 9 of the same tract containing one hundred and thirty-seven and three-fourths acres, to J. W. Church and J. A. Kline, for the sum of $152.00; upon the same day lot No. 2 o

the same tract, containing eighty-six and three-fourths acres, to J. W. Church and J. A. Kline, for the sum of $155.00; and that obligations with good security have been taken from the purchasers to comply with the terms of said sale when confirmed; which report is ordered to be filed, and thereupon the defendant excepted to said report for the following reasons :

"1st. Because said sale of the tracts of land herein-after mentioned were made greatly, and in some cases grossly, beneath the real and true value thereof, that is to say : all the tracts of land sold on the 9th day of October, 1872; the tract of fifty acres at $300.00 ; the Swann tract of four hundred acres at $1,210.00 ; the Thompson farm at $4,500.00; lot No. 4 of the homestead, containing one hundred and sixty-three acres, at $1,250.00. Also all the lands sold on the 2d and 4th days of December, 1872, except the homestead lot, containing one hundred and sixty-three acres, at $2,452.00, as to which the defendant makes no exceptions.

" 2d. For the reasons apparent on the face of said report.

"Which exceptions being argued by counsel, the court is of opinion, that the same are insufficient and ought not to be sustained. It is therefore adjudged, ordered and decreed, that the said report of the said special commissioner aforesaid be approved and confirmed, and the said sales are approved and confirmed, upon the condition, that the said purchasers shall comply with the terms of the sale, except the sale of the said Thompson farm to C. M. Moore, as to which sale it is ordered, that if the defendant shall, before the rising of this Court, give bond with good security in the penalty of $5,000.00, conditioned that the said farm, upon a resale thereof, shall sell for not less than the sum of $5,000.00, then in such case the said sale shall be set aside, and the said farm re-sold in like manner as provided by the former decrees in this cause. But in case the defendant shall fail to give such bond before the rising of this Court,

then the said sale of Thompson farm shall be and is hereby approved and confirmed in like manner as the sales mentioned in said report; and this cause is continued."

The report of special commissioner T. B. Kline referred to in the last named decree, is as follows, viz:

" *To the Hon. C. W. Smith, Judge of the Circuit Court of Cabell County:*

" R. H. HARTLEY & Co.
            *vs.*                    } *In Chancery.*
" C. L. ROFFE *et al.*

" In pursuance of a former decree made in the above named cause, the undersigned, special commissioner, after having advertised the time, terms, and place of sale, and posting notices thereof at the front door of the court house of this county, as required by said decree, to be sold on the 2d day of August, 1872, at the front door of the court house of this county, but with the assent of the said Roffe your commissioner postponed the sale of said lands until the 2d day of October, 1872, when he again, with the assent of the said Roffe, postponed the sale of said lands until the 9th day of October, 1872.

" Your commissioner then proceeded, on the 9th day of October, 1872, as required by said decree, to sell said lands, and the result of the sales made on that day is as follows:

" To Charles Bowden the C. M. Swann tract, fifty acres, for $300.00.

" To Charles Bowden and B. J. McComas, C. M. Swann tract of four hundred acres, for $1,210.00.

" To C. M. Moore, Thompson farm, four hundred acres, for $4,500 00.

" To G. F. Miller, Sr., lot No. 4, of the homestead, one hundred and sixty-three acres, $1,250.00.

" The four hundred acres which sold for $1,210.00 was at a former sale sold to Albert Laidley for $1,040.00, but

the purchaser failed to comply with the terms of the sale, and transferred his bid to said C. L. Roffe, who also failed to comply with the terms thereof, and with the assent of Mr. Roffe he exposed the said tract to sale and sold it as aforesaid. The said purchasers have all executed their obligations with good security to comply with the terms of said sales when confirmed by the court, which obligations are herewith exhibited, marked A, and made a part of this report.

"Your commissioner then again adjourned the sale of the balance of said lands until the 2d day of December, 1872, at which time he again adjourned said sales until December 3, 1872, at the request of said Roffe, when he proceeded to sell said lands as required by said decree, with the following result :

" Lot No. 3, homestead, two hundred and twenty-nine acres, to Peter C. Buffington for $2,452.00.

"Lot No. 4, one hundred and two and a half acres of the one thousand three hundred and fifty acre tract, to Dan. Ash, for $380.00.

"Your commissioner then postponed the sales of said lands till December 4, 1872, when he proceeded to sell again, with the following result:

" To C. M. Moore, sixty-nine and a half acres of the one thousand three hundred and fifty acre tract, lot No. 5, for $100.00.

"To same, lot No. 6, ninety-six and a half acres of same tract, $207.50.

"To J. A. Kline, one hundred and four and a half acres of same tract, $210.00.

"To John S. Witcher, one hundred and thirty-five and a quarter acres, lot No. 14 of same tract, $211.25.

"To John S. Witcher, one hundred and two and a half acres, lot No. 15 of same tract, $227.25.

"To Wesley Hinchman, one hundred and eight and three-fourths acres, lot No. 13 of same tract, $161.00.

"To Charley Clark, one hundred and twelve acres, lot No. 11 of same tract, $227.00.

"To Charles Miller, ninety-five and a half acres, lot No. 10 of same tract, $180.00.

"To Charles Miller, one hundred and six acres, lot No. 12 of same tract, $210.00.

"To Charley Clark, one hundred and three and three-fourths acres, lot No. 3 of same tract, $175.00.

"To Charles Miller, one hundred and nineteen and three-fourths acres, lot No. 8 of same tract, $212.50.

"To J. W. Church and J. A. Kline, one hundred and thirty-seven and three-fourths acres, lot No. 9 of same tract, $152.00.

"To J. W. Church and J. A. Kline, eighty-six and three-fourths acres, lot No. 2 of same tract, $155.00.

"Obligations with good security have been taken from the purchasers to comply with the terms of the said sales when confirmed.

"All of which is respectfully submitted,

"T. B. KLINE,
"Special Commissioner.

"December 6, 1872."

The following are the exceptions filed by defendant Roffe to the last named report of special commissioner Kline, viz:

"The defendant excepts to the report of special commissioner Thomas B. Kline, returned to court this 6th day of December, 1872, and to the sale of sundry tracts of land therein reported as having been made pursuant to a decree rendered in said cause, and assigns the following grounds of exception:

"1st. Because said sale of the tracts of land hereinafter mentioned were made at a price greatly and in some instances grossly beneath the real and true value thereof. That is to say, all the tracts of land sold by said special commissioner on the 9th day of October, 1872, to-wit: the tract of fifty acres at, $300.00; the Swann tract, four hundred acres, at $1,210.00; the Thompson farm, four hundred acres, at $4,500.00; the lot No. 4, one hundred

and sixty-three acres, part of the homestead, at $1,250.00. Also all the lands sold on the 3d and 4th of December, 1872, except the homestead of two hundred and twenty-nine acres, at $2,452.00, as to which the defendant will make no exceptions.

" 2d. For other reasons apparent on the face of said report.

" C. L. ROFFE,

"*By Counsel.*"

No other exception whatever was filed to said last named report by any person.

The bill in this case shows sufficient equity, to give the court jurisdiction of the cause for the purposes therein prayed. The allegations are ample for that purpose. The bill also alleges, that the defendant, Roffe, is the owner in fee of all the lands in the bill mentioned or referred to. As we have seen, Roffe never answered, demurred to or pleaded in any form to the bill. The first decree, rendered in the cause, was rendered upon the bill taken for confessed by said Roffe; and so of all the subsequent decrees, except such parts of the same as were rendered by the consent of said Roffe, and except such parts of the said decrees as pass upon said Roffe's exceptions to the reports of sale of special commissioner T. B. Kline. And, as we have seen, the decree of the 12th day of November, 1870, setting aside the sales of said commissioner, was set aside by his consent, as well as of the other parties to the cause. The said Roffe, in his petition to this Court, obtained an appeal from all the decrees in the cause; and the cause is now before us upon this appeal. The appellant, Roffe, did not, prior to his applying for the appeal allowed him in this cause as aforesaid, apply to the said circuit court, to reverse the decrees rendered in the cause on the bill taken for confessed; and in so far as he consented to parts of said decrees he cannot appeal from the consent parts of the decrees. So the case stands.

The appellant should not have applied to this Court

for an appeal from all the decrees in this cause, until he had first moved said circuit court, or the judge thereof in vacation, to reverse, if he desired to contest the correctness of such of said decrees and parts thereof, as were rendered on bill taken for confessed, as provided in the 5th section of chapter 134 of the Code, of this State. Secs. 5 and 6 of chapter 134 of the Code, pp. 637, 638.

Syllabus 8.

Under the views I have expressed, the appeal in this cause from the decrees and orders rendered therein must be dismissed as to all of such decrees and orders, except so much of the two decrees rendered therein on the 12th day of November, 1870, and the 16th day of December, 1872, as overruled the appellant's exceptions to the reports of sale of said commissioner Kline. *Baker et al.* v. *Weston Mining* and *Manufacturing Co.* 6 W. Va. 196, *Davis, sheriff* v. *the Commonwealth* 16 Gratt. 134.

It must be remembered, that the court sustained substantially the exceptions of appellant to the first report of sale, made by said Kline by his consent and the consent of all other parties, and set aside the sale made by said commissioner, not only as to the three tracts embraced by his exception, but by like consent set the sale aside as to another tract of sixty acres. Therefore it is manifest, that the court did not overrule any part of the appellant's exceptions to the first report of the sale aforesaid; and the appellant has no cause of complaint here as to the action of the court in confirming by its decree of the 12th of November, 1870, a part of the sales made by said commissioner Kline, and reported by him, and setting aside other parts of the said sales, as was decreed in and by said last named decree.

This brings me to the consideration of the action of the court, in its decree of the 16th of December, 1872, in overruling the exceptions of appellant, filed to the report of sale of said commissioner Kline, in that decree mentioned and referred to; or in other words, did the court err in overruling said exceptions of the appellant, as it did in effect, and confirming the report of special

commissioner· Kline, and approving and confirming the sales of lands therein reported, to which the appellant filed exceptions, except the sale of the said Thompson farm to C. M. Moore, as to which sale the court ordered, that if the said Roffe, the appellant, should before the rising of the court give bond with good security in the penalty of $5,000.00, conditioned that the said farm, upon a resale thereof, shall sell for not less than the sum of $5,000.00, then in such case the said sale shall be set aside, and the said farm re-sold in like manner, as provided by the former decrees in the cause.

The appellant's exceptions, filed to the last named report of sale, as we have seen, are two in number, first and second. For convenience, I prefer to consider the second exception first. The said second exception is in these words: " For other reasons apparent on the face of the report." This exception is too general. An exception to the report of sale of a commissioner, for defects on the face of the report, ought to be so specific, as to direct the mind of the court to the particular defect or omission, upon which the exceptor relies, unless the report be so substantially defective on its face, as to require the court on its own motion, in the absence of exceptions, to set aside the report. If the appellant had excepted to said report, because the commissioner had not advertised the time and place of sale as required by the decree, or had not posted the advertisement of sale as directed by the decree of sale, and thus put the fact or facts in issue, then the mind of the court would have been directed to the cause of complaint, as well also as the parties in interest, and the cause of complaint, if any, might readily be removed by supplying the apparent omission or deficiency. I see no such substantial defect or error on the face of said report, as required, that the court, on its own motion by reason thereof alone, should have set aside the report and the sales therein reported, in the absence of exceptions. Therefore it seems to me, that the court did not err in overruling the appellant's second exception to said report of sale.

*As to the first exception of appellant, Roffe, to said report of the sale mentioned in the said decree of the 16th day of December,* 1872: The plaintiff does not except to the sale, as reported, of a part of the land sold by the commissioner, as will be seen by reference to the exception. In this case no application was made to the court, to re-open the bidding, and no advance on the price, at which any of the lands were sold, was offered to the court by the appellant or any other persons. But the appellant saw fit to content himself, in the court below, with his own affidavit and some affidavits of other persons, that in their opinion certain of·the lands·in the affidavits named sold for less than their value by considerable sums. It appears from the record, that the court, after setting aside the first sale made by the commissioner of the one thousand three hundred and fifty acre tract, caused it to be divided up into a number of small tracts, containing at from sixty-nine and a half acres to one hundred and thirty-seven and three-fourths acres, as desired by the appellant, and at the second and last sale, when sold in small tracts by the commissioner, it sold for less than at the first sale to Ferguson and others, including the sale of lot No. 1 thereof to J. H. Ferguson, which was confirmed by decree on 15th of August, 1871. At the first sale it sold for $3,500.00. The C. M. Swann tract at the first sale sold for $800.00, and at the second and last $300.00, a loss of $500.00. In the commissioner's first report of sale the C. M. Swann tract is stated to contain sixty acres, and in the report of sale now under consideration, it is stated to contain fifty acres. I presume it is the same tract.

The appellant Roffe, in support of his said exception,· has filed in addition to his own affidavit, the affidavits of A. J. Hensley, H. J. Samuels, Irvin Lasher and George W. Hackworth. These affidavits are vague, and simply state the opinions of the witnesses as to the value of the land. They state no facts, other than their simple opinions as to the value of the land, from which the

court can judge of the correctness of their opinions; and the affidavits are *ex parte*. They do not even state their calling or profession. Hackworth's affidavit is as to the four hundred acre tract ; Henley's affidavit is as to the one thousand three hundred and fifty acre tract: and so of H. J. Samuels and Lasher. No other affidavits appear in the cause in support of said second exception, except the affidavits of appellant, which I deem it unnecessary to state.

The affidavits of W. R. Seamonds, J. T. Hatfield, S. A. Childers and H. C. Potest are filed against said exception ; and each one of them swear that he is well acquainted with the land sold by commissioner Kline, known as the Thompson farm ; and they each swear, that the sum of $4,500.00 is a full price or fair value for the same; one of them says, that it is in bad condition, and that said sum is a fair value of the same subject to the widow's dower.

It would seem from the record, that the appellant has a wife, who may for aught that now appears in the record, be entitled to dower in these lands, if she survives her husband ; and under such circumstances it is not to be expected, that the lands would sell for as much as if they were sold clear of her dower. I do not think under the circumstances the court erred in not setting aside the sale as to the four hundred acres, there being nothing to sustain the exception as to that tract, except the simple opinion of a single individual, and that opinion only states the value at something over $1.00 per acre more than it sold for. As to the one thousand three hunered and fifty acres, the previous sale whereof was set aside by the court, upon the exceptions and affidavit of appellant and affidavits of three other persons, the contents of which I have before stated, the court, after setting aside said sale, ordered the tract to be divided into a number of smaller tracts, as the appellant then desired, and as his witnesses then sworn testified would be best and that said land so divided would sell for

$5.00 per acre, and at the last sale, when so divided and sold, the land sold for less than at the former sale.

The sale of the one thousand three hundred and fifty acre tract having been once set aside upon some three or four simple affidavits as to value, and a resale ordered and had by lots in accordance with the wishes of the appellant, I do not feel satisfied that the court erred in not setting aside the sales of the different lots or parcels of said one thousand three hundred and fifty acre tract of land, reported in said report of sale of said special commissioner Kline, mentioned in the said decree of the 16th day of December, 1872, nor do I feel satisfied that the court erred in not setting aside the said sale of said fifty acres called in said report the C. M. Swann tract, or any of said sales mentioned in said last named report. And as to the said Thompson tract it seems to me, that the court did not err to the prejudice of the plaintiff in the order it made in relation thereto. If there was any error in the decree on this report, it was in favor of the appellant, and the appellees do not complain ot it, but by their counsel ask that the same be affirmed. *Effinger* v. *Ralston et al.*, 21 Gratt. 430.

I do not mean to determine that a sale of land by a commissioner of court, made by virtue of a decree of sale, should in no case be set aside upon simple affidavits of the opinions of men, that the land sold for greatly less than its value, or ought to sell for or would sell for if re-offered. Each case must be determined on its merits as it arises. A sale made by a commissioner under a decree of a court of equity is not an absolute sale in this State, and does not become absolute until it is confirmed by the court. A greatly inadequate price is generally, when clearly shown, sufficient cause to authorize the court to set aside such sale. *Kable* v. *Mitchell et al.*, 9 W. Va. 492.

Whether the court will confirm a sale, made by a commissioner under its decree, must in a great measure depend upon the circumstances of each case. It is diffi-

Syllabus 1.

Syllabus 2

Syllabus 3

Syllabus 4.

cult to lay down any rule applicable to all cases; nor is it possible to specify all the grounds, which will justify the court in withholding its approval. In such a case, if there is reason to believe that fraud or mistake has been committed to the detriment of the owner or purchaser, or that the officer conducting the sale has been guilty of any wrong or breach of duty to the injury of the parties interested, the court will withhold a confirmation of the sale. A court of equity, in acting upon a report of sale, does not exercise an arbitrary but a sound legal discretion in the interest of fairness and prudence, and with a just regard to the rights of all concerned. *Brock* v. *Rice et al.*, 27 Gratt. 812.

I have omitted to state, that it appears by a decree of the said circuit court rendered in this case on the 12th day of August, 1871, that said special commissioner Kline on the day last aforesaid made his report that he had sold lot No. 1 of said tract of one thousand three hundred and fifty acres on Tom's run, containing forty-four and three-fourths acres, as shown by a report and plat referred to in said last named decree, by consent and agreement of the creditors of the appellant, Roffe, and of the said Roffe himself, to James H. Ferguson for the sum of $223.75. And the last named decree purports to be made upon the papers theretofore read, and the orders and decrees theretofore made in the cause, and the reports aforesaid, and it discloses that no exceptions were filed to said last named report of sale, and affirms the same, &c.

Upon the whole I see no error of the court in its said decree of November 12, 1870, in so far as the court in said decree acted upon the exceptions of the appellant, filed to the report of sale in said last named decree mentioned; nor in the decree of said court rendered in said cause on the 16th day of December, 1872, in so far as the said court determined in said last named decree upon the exceptions, filed by the appellant to the report of special commissioner Kline, in said last named decree mentioned.

For the foregoing reasons the decree of the circuit court of said county of Cabell, rendered in this cause on the 12th day of November, 1870, in so far as the court in said decree acted upon the exceptions of the appellant, filed to the report of sale, in said last named decree mentioned and the decree of said circuit court, rendered in said cause on the 16th day of December, 1872, in so far as the said court determined in said last named decree upon the exceptions, filed by the appellant to the report of special commissioner Kline, in said last named decree mentioned, is affirmed.

And as to the residue and remainder of the said two last named decrees and the other decrees rendered in this cause, the appellant's appeal hereinbefore allowed in this cause, for reasons stated in this opinion, is dismissed, as having been improvidently granted.

And it is further adjudged, ordered and decreed, that the appellees recover against the appellant $30.00 damages, and their costs about their defense in their behalf in this court expended. And this cause is remanded to the said circuit court of the county of Cabell, for such further proceedings therein to be had, as are in accordance with the principles settled in this opinion, and further according to the principles and rules governing courts of equity.

JUDGES GREEN and JOHNSON concurred.

CAUSE REMANDED.