BEATY et al. v. VEON et al.

Decided August 20, 1881.

*(Absent, PATTON, JUDGE.)

1. The court may set aside a sale of lands made by a special commissioner under its decree of sale upon any evidence or fact or facts before it, which clearly show, that the land was sold at a greatly inadequate price.

2. Whether the court will confirm a sale by a commissioner under its decree, must in a great measure depend upon the circumstances in each case.

3. It is difficult to lay down any rule applicable to all cases; nor is it possible to specify all grounds, which will justify the court in withholding its approval.

*Case submitted before he was appointed.

4. Where a creditor's bill is brought to sell lands of the debtor, and the defendant fails to answer or plead, and a decree or decrees in the cause are made and entered on bill taken for confessed, but the defendant appears and files exceptions to the report of sale of land made by special commissioners of the court, and the court overrules the exceptions to such report and confirms the sale, the appellate court will entertain, consider and determine the appeal and *supersedeas* of the debtor as to so much of the action of the court, as relates to the said exceptions and the overruling thereof and confirmation of the sale &c., but will generally dismiss the appeal and *supersedeas* as being improvidently allowed as to another decree or decrees in the cause, which were rendered on bill taken for confessed, the appellant not having applied to the circuit court, or the judge thereof in vacation to reverse the same according to the 5th section of chapter 134 of the Code before applying for and obtaining the appeal and *supersedeas* as to such decree or decrees entered on bill taken for confessed.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Jackson, rendered on the 22d day of March, 1878, in a chancery cause in said court then pending, wherein E. Beaty, William Donaldson and W. A. McCosh were plaintiffs, and John Veon, I. Lorman, Jordan McMillen, Simeon Kauffman, Moses Oppenhemer and Joseph Kauffman, were defendants, allowed upon the petition of the said Veon.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

The facts of the case are fully stated in the opinion of the Court.

*D. H. Leonard* for appellant cited the following authorities: 12 W. Va. 99 ; 15 Gratt. 83 ; 25 Gratt 104 ; 11 W. Va. 146 ; 9 W. Va. 492.

*Henry C. Flesher* for appellees cited the following authorities:   Code ch. 134 §§ 5, 6 ; 7 W. Va. 673 ; 16 Gratt. 136 ; 11 Gratt. 127 ; 12 W. Va. 401 ; *Id.* 98 ; Code ch. 132 § 8 ; 12 W. Va. 688.

HAYMOND, JUDGE, announced the opinion of the Court :

The appellant in his petition to this court for an appeal and *supersedeas* assigned the following as errors, for which the decrees rendered on the 20th of March, 1877, and the 22d day of March, 1878, respectively, should be reversed, to-wit:

"First. The court erred in not referring said cause to one of the commissioners of said court for the purpose of ascertaining and reporting the liens against the land and their priori·ties. Second. The court erred in not referring said cause to a commissioner to ascertain the amounts to be paid by the said Beaty, McCosh, Donaldson and Veon under the written agreement between them filed in said cause, and the amount of land each one owned, upon which said judgment of Kauffman, Oppenheimer & Co. was a lien. Third. The court erred in decreeing the sale of the land in the bill and proceedings mentioned without first having referred the several causes to a master-commissioner to ascertain the amounts due each judgment-creditor and their priorities, as it was alleged, that a part of Swann's judgment (one of the creditors) had been paid. Fourth. The court erred in confirming said sale before there was a report as to the liens and their priorities." The counsel for the appellant in his brief claims as further error, that the circuit court confirmed said sale, when it should under the circumstances appearing have set aside the sale.

For the sake of brevity I will consider the three first assignments of error together and will thereafter consider the others so far as material. The said decree of the 20th day of March, 1877, which consolidated the two causes of *Beaty et al.* v. *Veon et al. and Powell* v. *Veon,* as well as the other decrees previously entered in each of said causes, is a decree rendered upon bill taken for confessed. The defendant, Veon, as well as the other defendants failed to appear and demur, answer or plead to the bills or either of them prior to the rendition of the decree of the 20th of March, 1877. The last named decree, which is the decree of sale, does not ascertain or fix the amount and priorities of the liens upon the land, and in fact does not even ascertain, that the debt of Beaty *et al.* in the decree ascertained is a lien on the land. In this case there appears to be several liens against the land exclusive of the claim of Beaty *et al.,* and the court before decreeing the sale of the land should have ascertained and determined the amount and priorities of the liens as such upon the land. *McClaskey & Crim, et al.,* v. *O'Brien, et al.,* 16 W. Va. 791; *Marling* v. *Robrecht* 13 W. Va. 440.

In the last named decree among other things it is declared,

that "said sale shall be at the court-house of this county, on some court-day after being advertised according to law." A decree of sale should direct on its face the time, for which the sale should be advertised or published, as well as how it should be done.

The appellant did not apply to and move the circuit court or the judge thereof in vacation to reverse said last named decree, before he petitioned for and obtained an appeal from said decree to this Court. The decree of the 20th of March being a decree on bill taken for confessed, the appellant should before applying for his appeal to that decree have applied to and moved the circuit court or the judge thereof in vacation to reverse it according to the provisions of the 5th section of chapter 134 of the Code of 1868. This Court is expressly forbidden to allow or entertain an appeal or *supersedeas* for any matter, for which a decree is liable to be reversed on motion under the said 5th section of said chapter. See 6th sec. of chapter 134 of the Code and *Hartley & Co.* v. *Roffe*, 12 W. Va. 401, 420, 421. I do not think it sufficiently appears, that the appellant filed an answer in either of said causes after the said decree of the 20th of March, 1877, and before or at the time of the decree of the 22d of March, 1878. It is quite clear, that the cause was not heard upon his answer; at least there is nothing sufficient to show that fact. If the answer was in fact filed after the decree of the 20th of March, 1877, of which no distinct record appears, it seems to me from the express language of the decree of the 22d of March, 1878, that it was withdrawn, and the cause was not heard upon the answer of the appellant on the 22d of March, 1878, or at any other time, so far as appears by the record. But the appellant did appear in the court below by his counsel and filed written exceptions to said sale and the report thereof, and also filed several affidavits in support of a part of said exceptions, which the court in and by the last named decree overruled and confirmed the said sale and the report thereof. It does not sufficiently appear from the record in this cause, as it is before us, that the appellant ever appeared in any manner or form in either of said causes in the said circuit court, before or after the said decree of the 20th of March, 1877, otherwise than to file exceptions to said sale and the report thereof and to object

to the confirmation thereof by the court, which exceptions were, as we have seen, overruled by the court and confirmed by the said decree of the 22d of March, 1878.

When a creditor's bill is brought to sell lands of the debtor, and the defendant fails to answer or plead, and decrees in the cause are made and entered, on bill taken for confessed, but the defendant appears and files exceptions to the report of sale made by the commissioner of the court, and the court overrules the exceptions to such report of sale, the Appellate Court will consider and determine the appeal and *supersedeas* of the debtor as to so much of the action of the court, as relates to said exceptions and the overruling thereof, but will generally dismiss the appeal and *supersedeas* as improvidently allowed as to other decrees in the cause, which were made and rendered on bill taken for confessed, the appellant not having applied to the circuit court or the judge thereof in vacation to reverse the same according to the provisions of the 5th section of chapter 134 of the Code, before obtaining the appeal and *supersedeas* as to such decrees, as were made on bill taken for confessed. *Hartley & Co.* v. *Roffe,* 12 W. Va. 401, 402. Under this authority this Court will not now entertain the appeal and *supersedeas* as to said decrees of the 20th of March, 1877, but will dismiss the same as to said decree only, as being improvidently granted. This Court will however entertain and determine the appeal and *supersedeas* as to the said decree of March 22, 1878, which in substance is altogether as to said exceptions to the said sale and report thereof and the proceeds of the sale.

I now proceed to consider the exceptions of the said Veon to said report and sale, which are in substance as follows: *First,* the land sold for greatly less than its value; *Second,* the land should not have been sold unless the several liens and amounts and priorities thereof had been first ascertained and determined. The land sold for $1,200.00 at the commissioner's sale. The affidavit filed by said Veon in support of his exceptions to said sale and report are of the following persons, viz: The appellant, Veon, John Summerville, Enoch Dunn, J. G. Skinner, Dixon R. King and Michael Hollerin. Veon, Skinner and King swear, that the said tract of land is worth at least $3,200.00 in cash; Sum-

merville and Dunn swear, that it is worth at least $3,000.00 ; and Hollerin swears, that the land is worth at least $2,400.00 in cash.    Each and all of these witnesses state in their affidavits, that they are well acquainted with the tract of land, which is supposed to contain some four hundred acres, and their evidence is in no manner contradicted by counter-affidavits or otherwise ; nor is their credit attempted to be assailed or affected in any manner.    If any force and consideration is to be given to these uncontradicted affidavits, it is very clear, that the said land sold at said sale of the commissioners at a greatly inadequate price.    The court may in the exercise of a sound discretion either affirm or set aside the sale, where from the facts, evidence and circumstances before it it appears clearly, that the sale was made at a greatly inadequate price ; and the court may solve the question upon affidavits or depositions in connection with the fact, that a greatly larger price is offered to the court for the land, and secured or offered to be secured, *or it may set the sale aside upon any evidence* or fact or facts before it, which clearly shows, that the land was sold at a greatly inadequate price.    *Kable* v. *Mitchell et al.* 9 W. Va. 492; *Hartley & Co.* v. *Roffe,* 12 W. Va. 401. Whether a court will confirm a sale made by a commissioner under its decree, must in a great measure depend upon the circumstances of each case.    It is difficult to lay down any rule applicable to all cases ; nor is it possible to specify all grounds, which will justify the court in withholding its approval.    *Hartley & Co.* v. *Roffe,* 12 W. Va. 401.    I am disposed and feel authorized under the circumstances in this cause to give reasonable force and weight to the said affidavits, and in doing so I feel authorized to conclude in the absence of other evidence and facts, that the said tract of land was sold at said sale by said commissioners at a greatly inadequate price.

When there are various liens on lands of a judgment-debtor, it is error to decree a sale of the lands without first ascertaining the amount of the liens and their priorities, for the reason that to decree such sale before ascertaining the amount of the several liens and their respective priorities has a tendency to sacrifice the property by discouraging the creditors from bidding, as they probably would, if their right to satisfaction of

their debts and the order, in which they were to be paid out of the property, had been previously ascertained. *Marling* v. *Robrecht et al.*, 13 W. Va. 440. It seems to me, that considering the said affidavits as to the value of the land, it is fair to conclude, that the land sold for a greatly inadequate price, and that the sale ought to be set aside, and that the court below erred in confirming said sale and not setting the same aside, as this was the first sale, unless there is some sufficient reason, why this course should not be taken.

The counsel for the appellees contend, that the appellant, Veon, is estopped and should be held to be estopped from asserting his right to have said sale set aside because of inadequacy of price or other cause embraced in said exceptions, because after said sale a verbal arrangement was made between the plaintiffs or their attorney and the said Veon, whereby it was agreed, that the said Veon should have time until the first day of the March term, 1878, to pay the debt, interest and all the costs decreed against him in favor of the plaintiff in said cause and the commissions for making said sale; that with the understanding aforesaid and with the assent of said plaintiffs and their attorneys, the affiant and Veon, that they would report said sale at the September term, 1877, but would not ask its confirmation at that time, provided said Veon would pay said debt, interest and all costs and commissions before the next term of said court, which the said Veon then and there agreed to do, and that said Veon further agreed, that if he did not pay said debt, interest and commissions aforesaid before the next March term, 1878, of the court, the said sale of said land, as made by said commissioners on the said 18th day of September, 1877, should then be confirmed by the said circuit court without opposition or objection from said Veon. Affidavits are filed in relation to this matter; and it would seem, that there was probably some misunderstanding as to the terms of said alleged agreement. If the court should give any consideration to such an agreement made out of court as a reason why the sale should be confirmed, which is not now decided, it should certainly be clearly established from the whole evidence and not be left in

doubt in such a case as this.   The affidavits filed in relation to this subject show, that there was some agreement, but they are conflicting as to the terms of the agreement, and I do not feel satisfied, that there was such a verbal agreement as claimed by the appellees.

Although the said decree of March 22, 1878, must be reversed for the reasons hereinbefore stated, and the appeal and *supersedeas* to the said decree of March 20, 1877, must be dismissed, because improvidently granted, for the reason before stated, it will be competent for the said circuit court or the judge thereof in vacation to reverse said decree of the 20th of March, 1877, after these causes are remanded to said circuit court for further proceedings, as well as other decrees therein had on bill taken for confessed for material error or errors therein.

For the foregoing reasons, the appeal and *supersedeas* granted in these causes, so far as they apply to the decree of the circuit court of the county of Jackson on the 20th day of March, 1877, must be dismissed as having been improvidently granted.   But the court retains and entertains the appeal and *supersedeas* granted in these causes, so far as they apply to the decree of the said circuit court of said county of Jackson rendered on the 22d day of March, 1878; and there being error in said last named decree the same must be reversed and the appellant, John Veon, recover against the appellees, Elishama Beatty, William Donaldson and W. A. McCosh, his costs about the prosecution of his appeal and *supersedeas* in these causes expended.   And the cause must be remanded to the said circuit court of the county of Jackson with direction to the same by proper decree to set aside the sale of land and report thereof mentioned in said decree of the 22d day of March, 1878, and cancel and annul the obligations given by E. Beatty with security for the deferred installments of purchase-money and to cause the purchase-money paid by said E. Beatty upon his purchase in said last named decree and report of sale mentioned, with any proper interest thereon to be refunded and repaid to said E. Beatty, as soon as may be, and to do and cause to be done all things necessary and proper in the cause for that end and purpose, and with further direction to said

circuit court to further proceed with the said causes according to the principles and rules governing courts of equity.

JUDGES GREEN AND JOHNSON CONCURRED.

DECREE REVERSED.  CAUSE REMANDED.