## S. P. Brown v. Leroy A. Kidd.

1. Execution: levy on personal estate prima facie a satisfaction.—It is well settled that a levy on personal property is *prima facie* a satisfaction of the execution to the extent of the value of the property levied upon, and a discharge *pro tanto* of the judgment debtor.

2. SAME: SAME: SURETY BOUND TO TAKE NOTICE OF PRESUMPTIVE SATISFACTION.— A surety is bound by the presumptive satisfaction of an execution arising from a previous levy on personal property belonging to the principal, and he cannot recover from the principal, any sum which he may afterwards pay in satisfaction of the judgment, unless he show an amotion of the levy, or otherwise destroy, by sufficient proof, the presumption of payment thus created.

3. SAME: EFFECT OF ISSUING AN ALIAS IN DESTROYING PRESUMPTIVE SATISFACTION.—The issuance of an *alias fieri facias*, which was superseded by writ of error, is not sufficient to destroy the presumption of satisfaction arising from a previous levy on personal property, if the regularity of the execution thus contested do not appear to have been determined. Whether it would be sufficient, even if not contested. *Quære?*

IN error from the Circuit Court of Jasper county. Hon. John Watts, judge.

*T. J.* and *F. A. R. Wharton*, for plaintiff in error,
Cited 7 How. Miss. 386; 2 S. & M. 428; 4 Ib. 118; 10 Ib. 35.

*John D. Freeman*, for defendant in error.

HANDY, J., delivered the opinion of the court.

The plaintiff in error brought this action to recover a sum of money paid by him as a surety for the defendant.

It appears by the record that judgment had been rendered, in the State of Alabama, against the defendant, as principal, and the plaintiff and another person, his sureties, in November, 1846, on which an execution was issued. in January, 1847, which was returned indorsed " non-paid." A subsequent execution was issued on the 21st April, 1847, on which the sheriff returned that he had " levied on male slave Randall, as the property of Leroy A. Kidd, April 26, 1847;" and on the 2d May, 1848, a writ of *venditioni exponas* was issued, which was not returned. On the 28th April, 1849, a writ of *fieri facias* issued, which was not returned; and on the 14th August, 1851, another writ of *fieri facias* was issued, which was not on file, but appears by the execution docket to have been returned by the sheriff as follows: " Received, 14th September, 1851, superseded by writ of error November 3, 1851." And nothing further appears to have been done on the judgment.

It was shown, in behalf of the plaintiff, that on the 27th May,

1853, the plaintiff and the other surety each paid to the proper officer of the bank, the plaintiff in the judgment, one-half of the principal and interest due thereon; and the witness, who was the officer of the bank, testified that, so far as he knew, the money was not made upon the executions issued.

It was proved, in behalf of the defendant, that at the date of the levy in April, 1847, a likely negro boy was worth $800 or $900, which was more than the amount of the judgment.

The case turned, in the court below, upon the question whether the judgment was to be considered in law as having been paid, by reason of the levy of the execution upon the slave of the defendant, before the payment by the plaintiff in this case to the bank; and upon that point the court instructed the jury in effect, that if the jury believe, from the evidence, that there was a levy upon the property of Kidd, that was *prima facie* a satisfaction of the judgment, and if the plaintiff paid the judgment after it was so satisfied, he paid it in his own wrong, and they should find for the defendant.

The verdict and judgment being for the defendant, the plaintiff sued out this writ of error.

It is insisted that the court erred in giving the instruction above stated; and this is the only question for consideration.

The rule is too well settled that a levy upon personal property is *prima facie* a satisfaction of the execution levied, to admit of controversy. And the reason of the rule is, that by the levy the defendant is in law deprived of his property, which, until the contrary is made to appear, is presumed to have been disposed of by the sheriff; and whether it is applied by the sheriff to the payment of the execution or not, it operates as a satisfaction in law. This rule applies as well to parties collaterally interested in the satisfaction of the execution, as the plaintiff in this case, as to the plaintiff in the execution levied, and it operates as a discharge of the defendant from the judgment, unless the presumption of satisfaction be destroyed by sufficient proof.

It is said that an amotion of the levy is shown in this case, by the fact that an execution was issued in August, 1851, which was returned "superseded by writ of error." But it will be observed, that the levy insisted upon was made in April, 1847, under writ of *fieri facias*, and that the writ of *venditioni exponas*, issued for the

purpose of selling the slave levied on, was never returned. No disposition is, therefore, shown of that boy. It is true that a subsequent writ of *fieri facias* was issued in 1851. But it does not appear upon what ground that writ was issued; and if it could be presumed, that it was issued upon proper showing that the judgment had not been satisfied by the previous levy, yet that writ appears to have been superseded, and a writ of error prosecuted to it, which is not shown to have been disposed of. So that the presumption that the judgment had not been satisfied, arising from the fact of the issuing of the last execution, is destroyed by the fact that that execution was matter of contest, and its regularity does not appear to have been determined.

Under the circumstances shown by the record, we think that the judgment is correct, and it must be affirmed.