# AUGUST TERM, 1882.

## CHARLESTOWN.

### SHIPMAN v. BAILEY, et als.

Submitted June 20, 1882—Decided August 19, 1882.

1. When the record of a cause clearly shows, that a party has obtained a decree for an amount greater than he is entitled to by reason of some inadvertency or clerical error, such party may in the same court at any future term by an entry. of record release a part of the amount of such decree without notice to the adverse party. (p. 141.)

2. A contract for the payment of a fixed rate of interest on a debt, if the rate of interest contracted for is authorized by the laws of the place where the contract was made, will be enforced against the payee and real estate mortgaged to secure such debt and interest by the courts of this State, although the rate of interest thus secured may be greater than. that allowed by the laws of this State. (p. 143.)

3. In contracts for the payment of money the interest on the principal sum is a legal incident of the debt and a part of the contract; and wherever there is a contract for the payment of a specified legal rate of interest, whether such rate is fixed by the contract itself or by the law of the place where it is made, the obligation of the contract extends to the payment of such interest as fully as it does to the principal sum, and courts have no more power to change the rate thus fixed, than they have to dispense with the enforcement of the contract either in whole or part. (p. 145.)

4. A contract for the payment of interest at the rate of eight per cent. from date until paid, if such rate is authorized by the laws of the place where the contract is made, may be computed at such rate to the date of the decree under the provisions of section 16, chapter 131 of the Code of this State, and the decree for the aggregate sum thus computed will continue to bear interest at such rate. (p. 146.)

Appeal from and *supersedeas* to sundry decrees of the cir-

cuit court of the county of Wood, rendered respectively on the 28th day of March, 1877, on the 25th day of March, 1878, on the 10th day of September, 1878, and on the 24th day of September, 1878, in a cause in said court then pending, wherein Samuel Shipman was plaintiff and Thomas J. Bailey and others were defendants, allowed upon the petition of said Bailey.

Hon. J. M. Jackson, judge of the fifth judicial circuit, rendered the decrees appealed from.

SNYDER, JUDGE, furnishes the following statement of the case:

This suit was instituted in the circuit court of Wood county, at February Rules 1877, by Samuel Shipman against Thomas J. Bailey, A. S. Bailey and J. A. Bailey, his wife, to foreclose a mortgage on certain land in said county, known as "Half-way Island," executed by the defendants to the plaintiff to secure the payment of two joint and several notes aggregating one thousand five hundred dollars, of same date, drawn by the defendants, Thomas J. and A. S. Bailey, in favor of plaintiff, and payable one year after date with interest from date at eight per cent. per annum until paid. The bill admits that interest was paid on said debt to April 10, 1876. The defendants answered admitting the allegations of the bill. On March 28, 1877, the court decreed that the plaintiff "recover against the defendants, Thomas J. Bailey and A. S. Bailey, the sum of one thousand five hundred dollars with interest thereon from the 10th day of April, 1876, at the rate of eight per cent. per annum, being the amount of the two notes in the bill mentioned with interest according to the tenor and effect thereof," and directed the mortgaged land to be sold by a commissioner appointed for the purpose. The commissioner made and reported to the court three several sales of land; and upon exceptions to the reports of sale the two first sales were set aside, and the third, by a decree entered September 10, 1878, was confirmed, and a deed directed to be made to the purchaser. The only exception to the report of the last sale relied on by the appellant in this Court is, that the land sold for a grossly inadequate price. In support and denial of said exception the appellant

and appellee filed affidavits. By a subsequent decree, entered September 24, 1878, on motion of the plaintiff after notice to the defendants, the said decree of March 28, 1877, was corrected, "so that the sum by said decree directed to be paid to the plaintiff shall bear interest from April 14, 1875, instead of from April 10, 1876, as therein stated." Afterwards, by a decree made on March 8, 1880, the said decree of September 24, 1878, was set aside, and the plaintiff released all rights and benefits conferred by said decree. On May 6, 1880, the defendant, Thomas J. Bailey, was by a judge of this Court allowed an appeal from the aforesaid decrees.

*Dovener & Frame* for appellant cited the following authorities: Code p. 627 § 16; 12 W. Va. 144; *Id.* 246; 10 W. Va. 130; Ror. Jud. Sales (2 Ed.) p. 64; 14 Ohio St. 349; 8 Ohio 120; Code ch. 134.

*David D. Johnson* for appellee cited the following authorities: Code ch. 134 § 5; *Id.* § 6; 13 Gratt. 454; 1 Rob. 287; Jones Mortg. (3 Ed.) § 657; Story Conf. Laws. §§ 287 a, 292, 293; 10 Wheat. 367; 13 Pet. 65; 37 N. Y. 444; 9 W. Va. 492; 15 W. Va. 732; Ror. Jud. Sales §§ 138, 139; 1 Wall. 627; 14 Ohio St. 349.

SNYDER, JUDGE, announced the opinion of the Court:

It is assigned as error by the appellant, that the decree of September 24, 1878, changing the decree of March 28, 1877, and directing, that the debt of the plaintiff shall bear interest from April 10, 1875, instead of from April 10, 1876, was improperly made, because the plaintiff's bill admitted, that the interest on the debt had been paid to April 10, 1876. This was clearly an error; but before this appeal was taken, the circuit court by a decree made March 8, 1880, set aside said decree of September 24, 1878, and the plaintiff released all rights and benefits conferred by said decree. The error having been thus corrected, the appellant cannot now complain. But it is, however, insisted that said decree of March 8, 1880, was made without notice to the defendants, and is for that reason inoperative. The statute—Code, chapter 134, section 5—expressly provides, that in the class of cases therein mentioned, of which this is one, the party obtaining

such decree "may in the same court at any future term, by an entry of record   *   *   *   *   release a part of the amount of his decree, and such release shall have the effect of an amendment, and make the decree operate only for what is not so released." In this class of cases the release is entirely for the benefit of the adverse party and no notice is necessary or required by the statute.

It is further claimed by the appellant, that the court erred in confirming the sale of the land, because the price was inadequate.

In *Bradford* v. *McConihay*, 15 W. Va. 732, this Court decided that: "There being no evidence tending to impeach the fairness of the sale, it cannot be set aside for inadequacy of price, unless it be so inadequate as to justify the presumption of fraud and collusion, and to justify such presumption from this inadequacy alone, it must be so strong and manifest inadequacy as to shock the conscience and confound the judgment of any man of common sense. Half the estimated value of such property is not such an inadequacy." This case of *Bradford* v. *McConihay* was a suit brought to set aside a sale of real estate made by an administrator with the will annexed under such will, and is to some extent governed by rules different from those governing sales made by commissioners under decrees of court. But it has been repeatedly decided by this Court that a sale made by a commissioner under a decree will not be set aside for inadequacy of price unless it clearly appears that the sale was for a greatly inadequate price. And that whether such sale will be set aside or confirmed must depend upon the special facts and circumstances in each case. *Beatty* v. *Veon*, 18 W. Va. 291; *Hartley & Co.* v. *Roffe*, 12 *Id.* 401; *Kable* v. *Mitchell*, 9 *Id.* 492.

In the case at bar the record shows that three different sales were made, and at each the plaintiff became the purchaser. The price at the first sale was two thousand dollars, at the second two thousand and ten dollars, and at the third, which was confirmed, two thousand and twenty dollars. The affidavits filed by the appellant state that the affiants estimated the land as worth from two thousand five hundred dollars to two thousand eight hundred dollars; and the

appellee filed affidavits showing that the land sold for its value. There are no circumstances or proofs in the cause tending to impeach the fairness of the sale or cast any suspicion upon the conduct of the commissioner, who made the sale. It is, therefore, clear under these circumstances, that the court did not err in confirming the sale.

The appellant further insists, that the court erred by its decree of March 28, 1877; because, instead of decreeing that plaintiff recover one thousand five hundred dollars, with interest thereon at the rate of eight per cent. from April 10, 1876, it should have aggregated the debt at that date under the provisions of section 16 of chapter 131 of the Code, and made it bear interest at six per cent. from that date; and he claims, that by thus computing the interest on the debt to the 10th day of June, 1878, the time of the sale when the debt was settled, the whole amount would have been one thousand seven hundred and thirty-two dollars and thirty-five cents, instead of one thousand seven hundred and sixty dollars, the sum allowed the plaintiff by the commissioner, making a difference against him of twenty-seven dollars and sixty-five cents.

The contract sought to be enforced in this suit was made in the State of Ohio, and as no different place is designated for its payment the legal presumption is, that it was intended to be performed there and must, consequently, be treated as an Ohio contract. *Pugh* v. *Cameron*, 11 W. Va. 523; *Wilson* v. *Lazier*, 11 Gratt. 477. A contract for the payment of interest at the rate of eight per cent. per annum is authorized by the laws of Ohio, and being legal and valid there, it will be enforced by the courts of this State—*Pugh* v. *Cameron supra*; *Bank of Marietta* v. *Pindall*, 2 Rand. 472. The fact, that a mortgage on real estate in this State was executed to secure a debt contracted in Ohio, does not affect this rule. The rate of interest contracted for in Ohio, if legal there, will be enforced against the mortgaged property in this State although the rate of interest may be greater than is allowed by the laws of this State—*De Wolf* v. *Johnson*, 10 Wheat. 383; 1 Jones on Mortg. § 657. The precise question, however, raised in this case is, whether or not our statute—section 16, chapter 131 of the Code—providing that the decree shall be

for the aggregate amount of the debt at the date of the decree, is mandatory? If, in the opinion of this Court, the debt now under consideration should bear the same rate of interest after having been aggregated by the decree that the original debt bore by the contract of the parties, then it will be unnecessary for us in this case to decide said question; because if the interest should continue at the rate of eight per cent. the appellant is not prejudiced by the failure of the decree to aggregate the debt. It is proper then first to enquire what rate of interest the debt should bear subsequent to the rendition of the decree?

It is an elementary principle, that a judgment or decree is for many purposes treated as a merger of the original contract—7 Wait's Actions and Def. 323. But it is not so considered in all cases, and for all purposes. A judgment on a note, signed by a firm and by an individual against the individual, does not bar a suit against the firm—*Gilman* v. *Forte*, 22 Iowa 560. So a judgment against two of three joint and several debtors does not merge the contract so as to bar a suit against the third—*Phillips* v. *Fitzpatrick*, 34 Mo. 276; *Reed* v. *Girty*, 6 Bosw. 567. A judgment confessed by a third person on a simple contract debt is no merger— *Wolf* v. *Weyth*, 11 S. and R. 149; nor does a fine imposed upon a sheriff for neglect to enforce a judgment operate *per se* to extinguish the debt, although it is paid to the creditor—*Carpenter* v. *Stillwell*, 12 Barb. 128.

In *Blount* v. *Windlay*, the Supreme Court of the United States says: "The judgment itself presupposes, and is founded on some antecedent obligation or contract, and is only a higher evidence of that contract, because it now has the sanction of the judicial determination of its validity and amount by a court of law. *The essential nature and character of the contract remains unchanged;* and in deciding how far it may be affected by legislation, we must look mainly to the original contract"—5 Otto 176.

It seems from these cases to be conclusive, that where the judgment or decree is founded on a contract the obligation of such contract remains in force after the rendition of the judgment or decree and is not in that regard merged. In a number of cases in Virginia and elsewhere the courts have

decided, evidently upon this view of the effect of the judgment upon the original contract, that where a debt is contracted for a less or greater rate of interest, than the laws of the *lex fori* permit at the time of its enforcement, if authorized by the laws when or where it was made, the courts of the *lex fori* will not hesitate to give judgment upon such debt to bear interest at the rate specified in the contract not only to the date of the judgment but afterwards until the debt is paid.    *Bank of Murietta* v. *Pindall*, 2 Rand. 472; *Andrews* v. *Pond*, 13 Pet. 77.

In *Cecil* v. *Hicks*, 29 Gratt. 1, a bond was executed, October 18, 1871, payable in six months "with interest at the rate of twelve per cent. per annum from date." At the date of the bond the laws of Virginia authorized twelve per cent. interest, but subsequently, the legal rate was reduced to six per cent. In an action on said bond after the rate of interest had been thus reduced, a judgment was rendered for the debt with interest at twelve per cent. from date *until paid*, and this judgment was affirmed by the appellate court. Moncure, J., in delivering the opinion of the court, says: "We are of opinion that interest at the rate of twelve *per centum per annum*, the rate expressed in the contract, must be considered as an incident of the debt and as part of the contract in this case as well after the maturity of the debt as before such maturity; and not interest at the rate of six *per centum per annum* only"—29 Gratt. 6.

In *Bent* v. *Patten*, 1 Rand. 25, the court decided, that when an action is brought on a note executed while five per cent. was the legal rate of interest, a judgment on such note with interest at six per cent., the legal rate at the date of the judgment, was erroneous. It was held, that the contract, fixed the rate of interest the debt should bear until it was paid. And in *Brooke* v. *Roane*, 1 Call. 177, it was held that neither a forthcoming bond, nor the judgment could change the rate of interest fixed by the original contract so as to make the rate of interest conform to the law at the time the forthcoming bond was made or the judgment rendered.

Other authorities of the same character might be cited, but, we think, we have given sufficient to establish the rule, which seems to be, that in contracts for the payment of

money interest on the principal sum is a legal incident of the debt and a part of the contract, and wherever there is a contract for the payment of a specified legal rate of interest, whether such rate is fixed by the contract itself or by the law of the place where the contract is made, the obligation of the contract extends to the payment of such interest as fully as it does to the principal sum, and courts have no more power to change the rate of interest thus fixed, than they have to dispense with the enforcement of the contract either in whole or in part.

In the case at bar the parties were competent to contract, and they did contract to pay interest on the debt at the rate of eight per cent. from date *until paid*.   This rate was legal and authorized by the place of the contract and is, therefore, obligatory here.   The rendition of a judgment or decree is not a payment of the debt; nor is it such a merger of the original contract as will authorize the court to interfere with the obligation of such contract requiring the parties to pay interest thereon at the rate agreed upon by them.   Our conclusion, therefore is, that if the circuit court had aggregated the debt of the plaintiffs as of date of the decree, it would have continued to bear interest on said aggregate sum at the rate of eight per cent. from that date until paid, and the omission of the court to do so does not prejudice the appellant, as it would have increased instead of diminishing his liability, and it is not an error of which he can complain.

Having considered all the errors assigned, and none other appearing to us upon the record, we are of opinion that the aforesaid decrees of the circuit court should be affirmed with costs and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

DECREES AFFIRMED.