# WHEELING.

CRANMER *et al v.* McSWORDS *et al.*

Submitted June 23, 1885.—Decided July 9, 1885.

1. Where a surety pays the debt of his principal, he is entitled to interest on the whole amount paid, principal and interest, from the date of such payment in an action or suit against his principal. (p. 416.)

2. Whether the surety, who has paid costs and expenses on account of the debt of his principal, can recover the same from his principal depends upon the circumstances of each case. Under the facts and circumstances of the case at bar it is held, that the surety is not entitled to recover from his principal the costs and expenses of a suit to which the principal was not a party. (p. 417)

3. Where real estate has been sold in a chancery cause, and a decree is entered therein directing that specific debts shall be paid by the commissioner having the fund in charge out of the proceeds of such sale, such decree is, as to the owner of the real estate so sold, *prima facie* a satisfaction of such debts. If, therefore, said debts are paid by a surety, such decree directing payment from the proceeds of his property is sufficient, in the absence of countervailing evidence, to entitle him to recover the amount so paid or ordered to be paid from his principal. (p. 418.)

4. In a suit to sell the remainder of certain real estate for the payment of debts against it, in which the owner of the life-estate consents that the whole property may be sold together and a gross sum paid to him in lieu of his life-estate from the proceeds of the

sale, the court, if it is satisfied the remainder will bring a better price by selling the whole property together, may order the sale so to be made without the consent of the owner of the remainder.   (p. 420.)

5. Where a decree is made for the payment of money, whether it is a personal decree against the debtor or merely against property liable for the payment of the money so decreed to be paid, the decree should be entered for the aggregate of principal and interest at the date of the decree with interest thereon from that date.   (p. 421.)

The facts of the case sufficiently appear in the opinion of the Court.

*J. O. Pendleton* and *D. Lamb* for appellants.

*W. P. Hubbard* and *H. M. Russell* for appellees.

SNYDER, JUDGE:

The nature and object of this suit sufficiently appear in the opinion of this Court announced on the former appeal— 24 W. Va. 595 to 606.   It is, therefore, unnecessary to do more here than to state such additional matters as may be required for the proper understanding of the questions litigated in the circuit court subsequently to the former decision of this Court, and our conclusions, and the reasons therefor, upon said matters and questions. ·

The circuit court of Ohio county pursuant to the mandate of this Court entered a decree, October 11, 1884, referring the cause to a commissioner "to ascertain, state and report the amount which the appellants (plaintiffs) are entitled to have decreed in their favor."

The commissioner filed his report in which he allowed the following claims in favor of the plaintiffs:

"1. A promissory note signed by Daniel Zane, dated at Wheeling, March 12, 1858, payable one year after date to the order of Elish Lindsey, and assigned by him to Theodore Fink, for .   $1,000 00
"Interest thereon to November 27, 1866, from March 12, 1860.........  ... ..  .........            ... ... ...... 402 50
"Interest on $1,402 50 from November 27, 1866, to December 1, 1884........:.    ............   ....... 1,515 10
                                                     --————-$2,917 60
"2. A promissory note dated at Bridgeport, Ohio, June 9, 1858, signed by Daniel Zane, and pay-

able twelve months after date, to the order of
John Darrah, with interest at the rate of ten
per cent. per annum from maturity, for......... 800 00
"Interest thereon from June 9, 1859, to March 28,
1867, (less two years' interest paid).    463 40
"Interest on $1,263.40 March 28, 1867, to December
1, 1884......    ...  ............    ... ... ... 1,339 85
————— 2,603 23

"3. A promissory note executed by Daniel Zane to
John Dakin, dated January 4, 1860, with inter-
est at ten per cent. from date (subject to the fol-
lowing credits: $110.00 paid January 17, 1860,
and $321.78, paid December 9, 1862,) for......... 1,000 00
"Interest thereon from January 4, 1860, (less cred-
its above mentioned) to January 9, 1867......    367 88
"Interest on $1,367 88 from January 9, 1867, to De-
cember 1, 1884... ............    ......  .. ... 1,468 69
————— 2,836 57

"4. The amount paid guardian of D. Z. Phillips.. 1,050 00
"Interest thereon from July 7, 1860, to December
18, 1867    .    ..    .    ......... 469 17
"Interest on $1,519.17 from December 18, 1867, to
December 1, 1884    ..  ............    .....'. . 1,545 24
————— 3,064 41

"5. The amount decreed Theodore Fink    ... .. 2,450 00
"Interest thereon from May 24, 1864, to May 20,
1868 ............ ......    ......  ..    ...... ............ 586 37
"Interest on $3,036.37 from May 20, 1868, to Decem-
cember 1, 1884    ...  .. ......    .  .. .. 3,011 56
————— 6,047 93

"6. A promissory note signed by Daniel Zane, dated
March 12, 1856, and payable six months after
date to the order of Walker Hunter, and by
him endorsed (which is subject to the following
credits: $171.25 paid March 28, 1857; $200.00 paid
March 13, 1858, and $112.00 paid October 15,
1859,) for    ....    ......    .    . 690 90
"Amount of principal and interest due February
6, 1867    .....    ......    . 426 49
"Interest thereon from February 6, 1867, to Decem-
ber 1, 1884    . ... ....    ... ........ 455 98
————— 882 47

"7. Amount of costs decreed in the case of Theo-
dore Fink and wife against Daniel Zane's ex-
ecutors ..... ..    ............    . 438 13
"Interest thereon from May 20, 1868, to December
1, 1884 ..    ....    ' 434 19"

The commissioner also reported the following debts which
he disallowed, but states that the plaintiffs claim they are enti-
tled to have them decreed in their favor:

"8. A promissory note signed by the said Daniel
Zane, dated at Wheeling, May 1, 1860, and pay-
able four months after date to the order of Han-
son Phillips, for ... .... ............ ....          $100 00
"Interest thereon from September 1, 1861, to De-
cember 18, 1867, ........ ...... ... ........    43 78
"Interest on $143.78 from December 1867, to De-
cember 1, 1884..... ... ... .. ... ... .... ...   146 22
                                                          ──────  · 290 00

"9. A promissory note signed and sealed by Daniel
Zane, dated at Wheeling, August 22, 1855, and
payable five years after date, with interest from
date, to Amon McSwords, commissioner, &c.,
for     ..          ....  ·        .........      ..     625 00
"Interest thereon from August 22, 1855, to Decem-
ber 18, 1867 .. ..........          ....   .........    462 07
"Interest on $1,087.07 from December 18, 1867, to
December 1, 1884      ... ...  ... ..........   1,105 67
                                                          ──────  2,192 74

"10. A promissory note dated at Wheeling, Sep-
tember 5, 1857, signed by Daniel Zane, and pay-
able three years after date, to the order of O.
A. Zane, and by him endorsed in blank (which
is subject to the following credits: $206.00 paid
September 8, 1860, and $235.10 paid October 22,
1866), for ...... ....        .          ...      833 33
"Interest thereon from September 5, 1857, to Janu-
ary 2, 1868, less payments aforesaid      ... ..    50 49
"Costs of protest     .... ..       .        .      2 73
"Interest on $886.55 from January 2, 1868, to De-
cember 1, 1881   .      ·   ...  . .... .......   899 84
                                                          ──────  1,786 39
"11. The amount paid John Darrah     ....·        800 00
"Interest thereon from June 9, 1860, to November
2, 1867, at ten per cent.                           591 78
"Interest on $1,391.78 from November 2, 1857, to
December 1, 1884    ..        ..  .. ... .   1,503 26
                                                          ──────2,895 04"

The defendant, Indiana McSwords, excepted to the com-
missioner's report objecting to the allowance of all or any of
the seven claims allowed therein for reasons which will be
hereafter refered to so far as they are material to the ques-
tions involved in this appeal.   The plaintiffs likewise except-
ed because the commissioner refused to allow the aforesaid
debts claimed by them.

The court by its decree, pronounced January 31, 1885, al-
lowed all the aforesaid debts except the last one of $800,

which is numbered eleven in the foregoing statement. The other ten debts, numbered from one to ten inclusive, were allowed by the decree and ordered to be paid, except that by the consent of the plaintiffs a credit of $352.00, was deducted from the said debt No. 1. The decree aggregated said debts as of the dates they were decreed to be paid, respectively, in the suit of *Fink* v. *Zane*, that is, by adding together the two first items of each of the debts given in the statement of the commissioner hereinbefore copied, and then allowed interest on such aggregates from the dates to which the interest was calculated in such aggregation of each debt, until the same should be paid. It also ascertained that the gross sum to which Daniel F. Zane was entitled in lieu of his life-estate in the land sought to be sold, was equal to 37.92-100 of the proceeds of said land, and with the consent of said life-tenant, the court being of opinion that it was proper to do so, the said land was directed to be sold, as well the life-estate as the remainder, the proceeds of the latter to be applied to the payment of the debts allowed as aforesaid. From this decree the defendant, Indiana McSwords, obtained this appeal.

It is assigned as error that the decree improperly allows interest on the aggregates of the debts from the dates of the aggregations, as before explained, instead of allowing interest on the principal only of each debt as originally contracted. It is claimed by the appellant that this is an allowance of compound interest and, therefore, illegal and unjust. This position is founded on the theory that the plaintiffs are the assignees of the original creditors of Daniel Zane, and, thus being purchasers of the debts, they occupy the same ralation to the debtor in respect to interest that the original debtors did. This theory is untenable, because it does not recognize the true relation between parties. The right of the plaintiffs to recover in this suit arises from the fact that the property of the plaintiffs was taken to pay debts which ought to have been paid by the property sought to be sold in this suit. The property last mentioned was primarily liable for these debts while that of the plaintiffs was only secondarily liable. The latter was simply surety for the former and, consequently, the true relation is that of principal and surety and not that of assignee and debtor. It is the settled law

that where a surety pays the debt of his principal he is enti-
tled at once, upon such payment to an action for the amount
paid including principal and interest, and if payment is not
made then by the principal, the surety is entitled to interest
on the whole sum paid.   Brandt on S. & G. sec. 178.   The
court therefore, properly allowed interest on the aggregate
amount paid in this cause.   This conclusion also disposes of
the objection that the plaintiffs were improperly allowed any
interest whatever.

It is further insisted that the decree is erroneous in so far as
it allows the before mentioned claim No. 7, which is $438.13,
the amount of costs decreed in the suit of *Fink* v. *Zane*.
Whether the surety, who has paid costs on account of the
debt of his principal, can recover such costs from the prin-
cipal depends upon the circumstances of each case.   Brandt
on S. & G., sec. 187.   But the principal is not liable for costs
and expenses unnecessarily incurred by the surety in litiga-
tion carried on by him in order to get rid of his liability or
defeat the efforts of a party seeking to enforce it.   *Wynn* v.
*Brooke*, 5 Rawle 106.   And it is incumbent on the surety,
seeking to recover from his principal costs and expenses in-
curred in litigation, to show that the litigation was entered
into in good faith and upon reasonable grounds, and was a
measure of defence, necessary to the interest of both parties,
and was calculated so to result.   *Whitworth* v. *Tilman*, 40
Miss. 76 ; Sedgw. on Dam. 335 ; *Redfield* v. *Haight*, 27 Conn.
31.

The relation here, as we have seen, being that of principal
and surety, the rights of the parties must be determined upon
the principles above laid down as applicable to that relation.
The plaintiffs in this suit were the executors under the will
of Daniel Zane and as such were authorized to sell real estate
for the payment of the debts of their testator.   They cer-
tainly had the power to sell the real estate devised to them,
if not as executors they could have done so as devisees and
thus paid off the debts.   But instead of doing so they per-
mitted themselves to be sued by the creditors of their testa-
tor and thereby unnecessarily incurred the costs and expenses
which they now seek to recover.   The decrees entered in
that suit allowing and directing the payment of the debts

allowed in this suit were all, I believe without exception, entered by the consent of the present plaintiffs, thus showing that the debts were undisputed and that there was no necessity for the litigation. The appellant was no party to that suit and had no notice of it so far as the record here shows. If she is compelled to pay the costs of that suit and the expenses of selling the plaintiff's real estate, she will be compelled to pay two sets of costs and expenses, for it is certain that she will have to pay the costs of this suit and the expenses of the sale of her interest in the land now sought to sold. This would seem to be plainly unjust and inequitable. I am, therefore, of opinion that the decree is erroneous in allowing the said claim No. 7 for costs and expenses incurred in the said suit of *Fink* v. *Zane.*

The account of the disbursements, made by commissioner Z. Jacob under the decrees in the said Fink–Zane suit, copied from the private memorandum book of said commissioner, was filed as evidence in this suit, subject to the exceptions of the appellant thereto for incompetency, to prove that the proceds of the plaintiff's real estate were applied to the payment of the debts claimed in this suit. The appellant insists that said account should be excluded as evidence and, it being excluded, there is no evidence that several of the debts allowed by the decree to the plaintiffs were in fact paid from said proceeds. I do not think the said account of commissioner Jacob was admissable evidence. It is simply a private memorandum which the commissioner was not required to make by any provision of law or order of the court, and the circumstances under which it was made are unexplained. But in my view of the matter said account is immaterial. The decrees and orders in the said Fink–Zane suit show specifically that every one of the debts allowed the plaintiffs in this suit was ordered to be paid out of the proceeds of the plaintiffs' real estate in that suit. This Court on the former appeal decided that said decrees and orders were evidence to prove " that the land of the appellants (plaintiffs here) was sold by the creditors of Daniel Zane, deceased, to pay what were alleged to be debts due from his estate." 24 W. Va. 604. On this question, I concur in the view of the counsel for the plaintiffs, that when the order of the court

was made that the commissioner should pay these claims, they became thereby *prima facie* satisfied so far as the estate of Daniel Zane was concerned. The payment was ordered to be made out of the proceeds of the plaintiffs' real estate. The creditors could no longer pursue Zane's estate. If the commissioner, the officer of the court, did not pay these debts out of the fund in his hands dedicated to that purpose, the creditors could require him to do so and this would be their only resort. Brandt on S. & G. § 194; *Brown* v. *Kidd*, 34 Miss. 291. The order directing the payment of the debts out of the proceeds of the plaintiffs' property, being *prima facie* evidence of such payment, completed the right of the plaintiffs to demand reimbursement, and placed the burden of rebutting the *prima facie* payment upon the appellant. No attempt has been made to prove that the payments were not made out of the proceeds of the plaintiffs' real estate as ordered by said decrees. It has been suggested that these debts or some part of them may or ought to have been satisfied out of the personal estate or some other property of the testator, Daniel Zane, deceased; but no proof whatever was offered in support of this suggestion. It is, therefore, unnecessary to consider what would have been the effect of such proof, if it had been introduced in this cause.

It is, however, said in the opinion of this Court on the previous appeal that the plaintiffs, "by the recitals in said orders and decrees, are not relieved from establishing the justice and legality of the said debts;" 24 W. Va. 605. This brings us to the enquiry whether the debts allowed in the decree appealed from have been legally established?

The said debts Nos. 2 and 9 originally for $800.00, and $625.00, respectively, the appellants counsel concede have been properly proved and established. Of the other debts allowed by the decree, those designated as Nos. 1, 4, 5, 6, 8 and 10, are fully established by the proofs in the record, upon the view taken of the evidence and the burden of the proof as hereinbefore indicated in this opinion.

It has already been shown that No. 7 was improperly allowed. This leaves Nos. 3 and 11 to be considered.

No 3, the commissioner states as founded on "a promissory noted executed by Daniel Zane to John Dakin, dated January

4, 1860, for $1,000.00." The note here referred to is not produced, and the appellant earnestly insists that this debt is not legally proved. In support of this claim the plaintiffs filed a certified copy of a mortgage, dated January 4, 1859, by which Daniel Zane conveyed to John Dakin certain real estate in the State of Ohio to secure a note of same date executed by Zane to Dakin for $1,000.00, due January 4, 1860. This claim was asserted, as the record shows, in the Fink–Zane suit, in which the original note may be presumed to have been filed and it being admitted that the papers in that suit have been lost, it, therefore, seems to me that in the absence of any adverse testimony or impeaching circumstances, the said debt has been sufficiently established. *Calwell* v. *Prindle*, 11 W. Va. 307.

The appellees, the plaintiffs below, by counter assignment of error claim that the decree appealed from is erroneous, because it does not allow the aforesaid claim No. 11. As evidence of this debt the plaintiffs filed before the commissioner a note executed by Daniel Zane and H. W. Phillips to John Darrah for $880.00, dated January 24, 1857, subject to two credits of $88.00 each, and the commissioner disallowed it because it does not correspond with the allegations of the plaintiff's bill. The claim described here as No. 11 by the commissioner, is unquestionably the same as No. 2 which, as before shown, is allowed by the decree. This fact the appellants seem to admit, but insist that inasmuch as they have mentioned in their bill three claims as having been paid to John Darrah, only two of which have been allowed to them, they should be allowed No. 11, as the third debt claimed in their bill. I do not think this position tenable. The fact is, all the Darrah debts asserted in the bill have been allowed. Two of them being the same debt, were properly allowed as but one claim, and the third having been also allowed, they have all they asserted in their bill. I am of opinion, therefore that the court did not err in refusing to allow said claim No. 11.

The appellant contends that the circuit court erred in ordering the sale of the life-estate of D. F. Zane and remainder together, and insists that the remainder, being all the plaintiffs had a right to sell, they could not, without her permis-

sion, encumber the sale of that with the life-estate, to her probable detriment. This objection to the decree seems to be founded principally, if not solely, upon the idea that the appellant may be put to a disadvantage as a purchaser of her remainder at the sale under the decree, that is, that she may be able to purchase the remainder and thus relieve it from the demands of the plaintiffs but she may not be able or willing to purchase the whole fee including the life-estate.

It seems to me this contention is based on a mistaken view of the rights of the appallant. She certainly has rights as the owner of the estate to be sold, which the court is bound to respect. But she has no rights as a prospective purchaser of that estate. In respect to that she stands as any other person who may desire to purchase. The question and the only question for the court in that regard, is to determine in what manner a sale of the estate it has the right to sell can be made so as to produce the best price, and then to order the sale to be made in that manner. If the life-tenant consents that his interest may be sold, (and no sale of that interest could be made without his consent,) the court, if it is satisfied that a sale which embraces the life-estate, will result in a better price for the remainder than it would bring if sold separately, should order the sale to be made in that manner. This is a very common practice and I see no objection to it.—*Tracy* v. *Shumate*, 22 W. Va. 474, 500; *Laidley* v. *Kline*, 8 *Id*. 218, 229 *Holden* v. *Boggess*, 20 *Id*. 62.

The decree, as before stated, does not aggregate the whole amount allowed the plaintiffs but it ascertained the several claims to which they were entitled and gave interest on each from the dates, respectively, at which the plaintiffs became entitled to recover them. In this respect the decree is erroneous. The statute requires that where there is a decree for the payment of money, it shall be for the aggregate of principal and interest due at the date of the decree, with interest thereon from that date. Sec. 16, ch. 131, Code, p. 627; *Shipman* v. *Bailey*, 20 W. Va. 140 : *Bank* v. *Goode*, 21 *Id*. 455; *Douglass* v. *McCoy*, 24 *Id*. 722, 728.

In this cause the money is not due from the appellant personally and no personal decree could be rendered against her, but it is a decree for money which is a charge upon the prop-

erty sought to be sold.   The reason of the rule as well as the terms of the statute make it equally applicable whether the decree is against property or personally against the debtor.

For the errors hereinbefore pointed out. I am of opinion that the said decree of January 31, 1885, should be reversed and sued decree entered by this Court as the said circuit court should have rendered and the cause remanded to said court for further proceedings.

REVERSED.   REMANDED.